State vs Hyland.

## No. 8978.

### THE STATE OF LOUISIANA VS. JOSEPH HYLAND.

An accused who offers to support his affidavit on a motion for a new trial on the ground of newly discovered evidence, by the testimony of the newly discovered witnesses themselves, when he produces them in court on the trial of the motion, is entitled to such a hearing. On the judge's refusal to hear such witnesses, the case will be remanded for the purpose of taking such testimony, or to give to the accused the benefit of the affidavit of said witnesses.

APPEAL from the Criminal District Court for the Parish of Orleans. Roman, J.

J. C. Egan, Attorney General, for the State, Appellee.

Jas. C. Walker, for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. After conviction of the charge of inflicting a wound less than mayhem, the accused moved for a new trial on the ground of newly discovered evidence.

In his affidavit he stated that since his trial he had found out that four witnesses, whom he named and whom he produced in court, would testify that the wound charged against the accused had been inflicted by another person, and that the defendant had, at the time of the affray, no altercation or difficulty with the wounded person.

His counsel, on the hearing of the motion for a new trial, requested the court to call the four witnesses, to examine them and to take down their testimony.

This was refused by the court on the grounds:

1. That the witnesses had not been summoned by authority of the court.

2. Because their names were already mentioned in the motion for a new trial.

3. Because the substance of their testimony was also given in said motion, and the court had thus been apprised of what their testimony would be.

The question involved in the motion for a new trial presents an issue of law blended with facts and is therefore subject to our review. If the facts disclosed in the affidavit are true, the law would clearly allow a new trial to the accused. The law is so imperative on that point that this Court would in such a case be compelled to review the discretion otherwise vested in the trial judge in dealing with motions for new trial.

But for the purpose of such an investigation, the appellate court must be supplied with the evidence bearing on the question of fact presented by the motion.

Under the ruling of the district judge, we have nothing before us but the affidavit of the accused and that has been held insufficient when not corroborated by the testimony or affidavits of other persons. The general practice is to support the sworn averments of the accused by the affidavits of other persons, and when possible, by those of the newly discovered witnesses themselves. State vs. Young, 34 A. 346, and authorities therein quoted; State vs. Adams, 31 A. 718.

In this case the accused offered more than the affidavits of the newly discovered witnesses: he produced the witnesses themselves for examination, at which the State could have been represented for the purpose of cross-examination.

Under the rules of our criminal jurisprudence, this examination should have been allowed and the testimony should have been taken down for review by the appellate court, or a delay granted for their affidavits.

The learned judge, in overruling the motion for a new trial, states that he did not believe the affidavit of the accused, and that the latter had not shown the diligence required by law in the preparation of his evidence to entitle him to a new trial. The judge, who had heard the evidence on the trial, may have had reasons to justify his belief, but we have no such guide, and the proffered testimony would doubtless have afforded us all the light necessary to an intelligent understanding of the contested averments and to a legal conclusion in the premises.

As the affidavit of the accused contains all the necessary legal averments to entitle him to a new trial if the facts which he recites are true, he has the legal right to support his averments by testimony or by affidavit of the newly discovered witnesses.

To that end, the case must be remanded.

Under these views, it becomes unnecessary to pass upon the other question submitted by appellant, which involves the legality of the sentence rendered in the premises.

The judgment appealed from is therefore reversed. It is now ordered that the case be remanded to the lower court, with instructions to the judge to hear, and to preserve the testimony of the witnesses offered in support of defendant's affidavit on his motion for a new trial, or to receive and consider the affidavits of such witnesses in the premises, as he may deem the best; said cause to be further proceeded with according to law.