## No. 134.

### THE STATE OF LOUISIANA VS. FRANK WILSON.

A voluntary confession of the accused, not made under restraint or constraint, is admissible in evidence. If it is admitted by his consent, he cannot afterwards object to it.

Objections to the form of the oath administered to the jurors must be made at the time of their qualification. Such objections are assimilated to those made to the possession by a juror of the proper qualifications, which must be made when he is offered, and to those that may be made to the list of jurors, which must be complained of when the imperfection or defect is discovered. It is too late to object to the form of the oath in a motion for a new trial.

PPEAL from the First District Court, Parish of Caddo. *Taylor*, J.

*M. S. Crain*, District Attorney, for the State, Appellee.

*John W. Jones* for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J. From a sentence to hard labour for eight years, inflicted upon a conviction of burglary and larceny, the defendant appeals, and relies for reversal upon a bill of exception and a motion for a new trial.

The bill is to the admission in evidence of a confession of the defendant under these circumstances ;—Two men, one the owner of the house broken into, were in pursuit of the felon, and coming up with the defendant asked if he was the man that came down the road that morning, and if he was armed. They ordered him to lay his pistols down, which being done, they asked him where were the things stolen. One of the parties had a gun in hand, apparently ready to use it. The confession then made was ruled out.

But on the following day all of them, the pursuers and pursued, seem to have fraternised. While laughing and talking over the event, the defendant said that he was a fool for telling where the gun was (a gun

was one of the things stolen) for he had hid it so well they would never have found it, and if he had known the owner of it was as poor as he was, he would not have entered his house and taken his things; he thought it was a negro's house and actually smelt the pants, (which he had also stolen), to test the colour of the wearer by the odour.

This conversation was admitted. That it was voluntary and not made under restraint or constraint is apparent. But its admission was preceded by the inquiry, addressed by the court to the prisoner's counsel, if he had any objection to urge, which was responded to negatively. The confession was therefore admitted by the prisoner's consent, and no objection to it can now be heard.

The motion for a new trial is based on the alleged insufficiency of the oath administered to the jurors.

Even if the oath were defective in form, advantage cannot be taken of it in a motion for a new trial. Objection should have been made at the time it was administered. It seemed to have been good enough in the opinion of the prisoner for the purpose of an acquittal, and he cannot take the chances of a favourable verdict, withhold objections that should have been made on the instant, and remit the disclosure of them to the close of the trial.

Objections to the form of the oath are assimilated to objections to the qualifications of jurors which must be made when they are offered, State v. Bower, 26 Ann. 383, and to objections to the list of jurors, the incorrectness of which cannot be taken advantage of, if no complaint is made at the moment of discovery. State v. Shay, 30 Ann. 114.

Judgment affirmed.