State vs. Holmes.

No. 10,087.

THE STATE OF LOUISIANA VS. MONROE HOLMES.

The competency of objected testimony cannot be determined, if the complaint is first made when the statement of witness is reiterated. Having been once received without objection, it cannot be thereafter recalled.

An information charging a statutory offense is sufficient, if in the terms of the statute.

APPEAL from the Nineteenth District Court, Parish of Terrebonne. Allen, J.

*M. J. Cunningham* Attorney General, and *W. K. Wilson*, District Attorney, for the State, Appellee.

*Chas. Belden*, for Defendant and Appellant.

The opinion of the Court was delivered by

WATKINS, J.   The defendant was convicted of the crime of inflict-

ing a wound less than mayhem with a dangerous weapon, and sentenced to two years imprisonment in the penitentiary.

He seeks relief in this court on two grounds, viz:

1. That the trial judge erroneously permitted the State's witness, Clay Duplantis, to give in evidence a statement made by the prosecutor, Aurelian Toups, *several hours after* the wound was inflicted on him, the same being objected to as hearsay, and not admissible as part of the *res gestœ*.

2. That the indictment was, and is, fatally defective in not containing the *essential* averment that the defendant inflicted the wound wilfully and maliciously, and with criminal intent, and his motion in arrest of judgment was improperly denied.

## I.

The judge assigns his reasons for permitting this witness' testimony to go to the jury, and in connection therewith he makes the subjoined extracts from the evidence in the case, viz:

" The witness Duplantis testified without objection that he found the prosecuting witness lying in an insensible condition in the field of O. Daspit, on the side of a cut of cane, and near a water drain where he had been working alone. He examined him, found him covered with blood, caused by ghastly wounds on his head and face. He attended him, and succeeded in arousing him to consciousness. The witness then asked him who had wounded him. He answered, ' the water-boy. He did it with an ax.' (The prisoner was the water-boy at that time on the Daspit place). This evidence was not objected to by the prisoner. On the contrary, his counsel cross-examined the witness at length on the fact. On being re-called, on re-examination, the district attorney asked the witness to state ' what else the prosecutor said then about the person who wounded him.' The witness said again : ' He said the water-boy struck him with an ax, nothing more." The attorney for the prisoner then objected to the evidence on the ground that it was irrelevant and hearsay. The previous facts shown were: The prosecutor is a very old man and a cripple. He was working in a lonely portion of the plantation when attacked. There were no eye-witnesses to the crime. He was found by the overseer a short distance from where he had been struck down by his assailant, unconscious.

" When aroused to consciousness the first words he spoke were the words given above.

" The prosecutor was put upon the stand, but his mind was so affect-

ed from the injury received that he could not give an intelligent account of the assault made on him.

" The court overruled the objection, because it came too late, after the evidence had already gone before the jury without objection, and because the previous facts show that this was a secret attempt at murder, and the time, place and manner in which the declaration was made, convinced the court that the jury should have it and consider it with the other testimony in the case."

The defendant's objection to this evidence cannot be considered, nor its competency determined, for the reason that his complaint is leveled at the witness' *reiteration* of a statement previously made in the presence of the jury, and, should we decide that the objection to it was well taken, we could not recall the statement first made.

It had been received without objection. His complaint was not seasonably made.

Section 794 of the Revised Statutes declares that "whoever shall, with a dangerous weapon or with intent to kill, inflict a wound less than mayhem upon another person, shall," etc., and the information charges that the accused "did, with a dangerous weapon, *feloniously* inflict a wound less than mayhem upon one Aurelian Toups," etc.

It is an elementary principle in our criminal jurisprudence that an information charging a statutory crime is good if the language of the statute has been followed.

In this case the district attorney added the word feloniously, "out of the abundance of caution."

The words " wilfully," and " maliciously " were unnecessary, and " criminal intent" may well be inferred from the employment of the term "feloniously."

Judgment affirmed.