State vs. Stephen.

---

## No. 11,262.

### THE STATE OF LOUISIANA VS. WRIGHT STEPHEN.

1. Where the instrument which is charged to have been falsely altered is in its character an order for money or for the delivery of goods *at the option of the holder* it must in order to conform to the fact of necessity be so described in the indictment.

2. Sec. 833 of the Revised Statutes does not make it necessary in an indictment under it to charge that the accused " sought to obtain money " upon the altered instrument.

3. When an indictment in its recitals complies with the legal requirements of the statute under which it is drawn an additional statement of facts to supplement the recitals need not be set forth with technical precision.

4. It is the duty of the court to pass upon all questions as to the admissibility of evidence—that of the jury to judge of its sufficiency.

5. It is not necessary for the purposes of a prosecution under Sec. 833, Revised Statutes, that the order for the payment of money or for the delivery of goods should be full and complete on its face. It is sufficient if it be shown to be such by the known and accustomed dealings between the parties.

6. The mere *names* of the crimes given in the heading of a series of sections in the Revised Statutes do not cause the statutory crimes found in the sections to fall and be governed by all the rules applicable to the crimes as technically named in the headings.

APPEAL from the Nineteenth District Court, Parish of Iberia. *Voorhies, J.*

*M. J. Cunningham,* Attorney General, and *R. F. Broussard,* District Attorney, for the State, Appellee.

*Todd & Todd* and *A. & Chas. Fontelieu,* for Defendant and Appellant.

The opinion of the court was delivered by

NICHOLLS, C. J. The defendant, sentenced to imprisonment at hard labor in the State penitentiary under Sec. 833 of the Revised Statutes, has appealed.

The indictment charges him with having for the purpose of obtaining money and with intent to defraud Felix Patout, the owner of the Hope plantation, feloniously, falsely and corruptly altered a certain plantation ticket, which plantation ticket so falsely altered he presented to Felix Patout, well knowing the same to be falsely altered.

The indictment describes with some particularity the plantation ticket and its purport—describes the condition of the ticket prior to and also subsequently to the•alteration and how the latter was accomplished. It shows also how and to what extent the change could be productive of fraud on the owner of the plantation. In referring to the ticket it mentions it as " an order in favor of Wright Stephen (the defendant) from the overseer of the Hope plantation, to-wit Miles Hacket, on Felix Patout, owner of said Hope plantation, for the payment of money, or on the clerk of the Hope plantation, the property of the said Felix Patout, for the delivery of goods."

Defendant through his counsel moved to quash the indictment " because the same is void." It does not state whether the defendant is charged with forging an order for goods or an order for money. It does not describe the act with such a degree of circumstantiality or state facts sufficient to indicate what has been done by defendant to constitute a crime as purports to be alleged against accused; because it is not charged that defendant sought to obtain money on said check, document, ticket, etc."

The court overruled the motion.

The indictment charges the accused with having altered a certain plantation ticket, which plantation ticket *at the option of the holder called either for money from the owner of the property or for goods* at

the plantation store belonging to the owner. This being the exact character of the ticket the State could not correctly describe it in any other manner. Which of the two uses of which it was susceptible it would be put to was a matter resting upon the choice of the accused. In the case at bar the indictment states that for *the purpose of obtaining money* he feloniously, falsely and corruptly altered the ticket with intent to defraud Felix Patout, and that he presented the same to Felix Patout, well knowing the same to be falsely altered.

We see no force in the objection that the accused was not sufficiently advised of the nature and cause of the accusation against him.

Having in his possession a "plantation ticket," furnished him by the overseer of the Hope plantation, to indicate the number of days and half days he had worked upon the place, at the rate of seventy-five cents a day, and the amount the owner was indebted to him for the same, this indication appearing by a number of "punches" on certain lines on the ticket made with an instrument bearing the letter "H," the initial of the overseer, he is charged with having feloniously, falsely and corruptly altered the ticket by adding to the number of these "punches" in order to obtain money from the owner of the plantation and to defraud him, and with having presented this ticket so altered to him, well knowing it to be falsely altered.

These charges so plainly appear in the indictment that it was utterly impossible for him not to know exactly what accusation he had to meet.

The section under which the accused was indicted does not make it necessary to charge that the accused "sought to obtain money on said ticket," but had there been such a requirement, we think the indictment would sufficiently show that fact. When an indictment under a statute complies with the requirements of the statute itself, the statement of facts made to supplement the recitals of the indictment, as required by the letter of the statute, need not be set forth with technical precision.

During the progress of the trial defendant reserved the following bill of exceptions:

" On trial hereof the attorney for the State was proceeding to show that a 'plantation ticket' offered in evidence, and which is hereto attached and made part of this bill of exceptions, was an order, etc., and was proceeding to show other facts regarding the

punching of said ticket, when defendant's counsel objected to said evidence, and to all evidence against the accused in the matter, on the ground that the document alleged on and produced could not be the subject of forgery, and that the punching of same did not constitute forgery, etc., which objection was overruled by the court deciding that the jury must decide as to its efficiency, and evidence was admitted to show that said ticket could be presented for payment in money or goods."

When defendant's counsel objected to the introduction of the "plantation ticket" as being inadmissible because it was not an instrument of such a character as was essential to serve as a basis for a prosecution for forgery, it was the judge's duty to have passed on that objection one way or the other, and he should not have remitted the whole matter to the jury.

It is the duty of the court to pass upon questions as to the *admissibility* of evidence, and that of the jury to pass upon its force and sufficiency.

The jury having by its verdict shown that in its opinion the ticket came up to all legal requirements as a basis for the prosecution in the case, and the ticket being attached to and brought before us as part of defendant's bill of exceptions, we are in a position to know whether the action of the judge which is complained of worked injury to the accused in this particular case.

We are of the opinion that the ticket was of such a character as to furnish a proper foundation for the prosecution, and that had the judge ruled as he should have ruled upon the question it should have been permitted to have gone (as it did go) before the jury. No harm therefore has resulted from his error.

It is not necessary for the purposes of a prosecution under Sec. 833 of the Revised Statutes that the order for payment of money or the delivery of goods should be full and complete on its face. It is sufficient if, by the known and accustomed manner of dealing between the parties, the instrument as placed in the possession of the party altering and subsequently presenting it would entitle him to use and present it as an order for the payment of money or the delivery of goods, and such as the other party in the same known and accustomed course of dealing would receive, accept and act upon as such an order.

We are not called upon to say whether the ticket would or would not serve as a basis for a prosecution for *forgery* by that special

45

name. What we are called upon to decide, and what we do decide, is that it is sufficient under the terms of Sec. 833 of the Revised Statutes. The mere names of the crimes found at the heading of the series of sections commencing with Sec. 833 do not cause all the statutory crimes found in these various sections to be governed by the rules applicable to the crimes as technically named in the heading.

Accused filed a motion in arrest of judgment on grounds identical with those embodied in the motion to quash and raised in his objection to evidence. The court correctly overruled the motion.

For the reason herein assigned it is hereby ordered, adjudged and decreed that the judgment of the District Court be and the same is hereby affirmed.