(101 South. 413)

No. 26585.

## STATE v. ROSBOROUGH.

(June 27, 1924. Rehearing Denied by the Whole Court Sept. 25, 1924.)

*(Syllabus by Editorial Staff.)*

**1. Indictment and information ⬉110(15)—Information in statutory language setting out forged instrument in full held sufficient.**

An information charging, in the language of Rev. St. § 833, the forging and uttering as genuine a recommendation for pardon by a district judge, and setting out the document in full, *held* sufficient.

**2. Indictment and information ⬉138—Attack on information as vague and indefinite should point out its insufficiency.**

Attack on information as vague and indefinite should point out in what respect it is insufficient.

**3. *Criminal law ⬉92—Court held to have jurisdiction of offense of forging recommendation for pardon by district judge.***

Where recommendation for pardon purporting to be signed by district judge in Shreveport was forged and issued in New Orleans, criminal district court of that city has jurisdiction of crime, regardless of whether it has power or not to review an action of board of pardons.

**4. Forgery ⬉7(I)—District judge's recommendation of pardon may be subject of forgery within statute; "public record or document."**

Under Const. 1921, art. 5, § 10, providing for pardons on recommendations in writing of presiding judge of court before which conviction was had, and others, such recommendation in writing by judge is "public record or document" such as can be subject of forgery, within Rev. St. § 833.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Public Record.]

**5. Forgery ⬉4—Essentials of stated.**

Essentials of "forgery" necessary to be charged and proven are a writing, in form apparently of some legal efficacy, evil intent, and false making of such writing.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Forgery.]

**6. Criminal law ⬉954(I)—Motion for new trial on ground of newly discovered evidence held insufficient.**

Motion for new trial on ground of newly discovered evidence, which does not state nature or character thereof, nor name of witness who is to testify to such alleged new facts, is insufficient.

**7. Forgery ⬉47—Effect of letter affecting matter covered by forgery as showing defendant's motive honest, held for jury.**

Effect of letter from district judge, relating to application for commutation of sentence of convict, wherein he agreed in advance to

recommend it if other members of board of pardons thought it advisable, on question of defendant's intent and motive in forging unconditional recommendation of commutation, *held* for jury.

Appeal from Criminal District Court, Parish of Orleans; J. Arthur Charbonnet, Judge.

E. J. Rosborough was convicted of forging and uttering as genuine a certain record or public document, and he appeals. Affirmed.

E. J. Rosborough, pro se.

A. V. Coco, Atty. Gen., and Robert H. Marr, Dist. Atty., of New Orleans (T. S. Walmsley, of New Orleans, of counsel), for the State.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

THOMPSON, J. The defendant was charged by information, in two counts, with forging, and with uttering and publishing as genuine, a certain record or public document as set out in the information. He was convicted by a jury, and was sentenced to serve at hard labor in the penitentiary a term of not less than five nor more than seven years.

The document charged to have been forged purports to be a petition signed by Judge T. F. Bell of the First judicial district court, and addressed to the board of pardons, and reads as follows:

"Recommendation.

"After examining the facts in the case of Ed Pitts and considering this case, I recommend that he be granted commutation of sentence to ten years and six months, and that he be released from prison. [Signed] T. F. Bell, Judge First District Court of La. This 6th day of March, 1923."

Ed Pitts was at the time an inmate of the penitentiary, serving a life sentence for shooting with intent to murder while lying in wait, and the defendant was interested in securing from the board of pardons a recommendation of commutation of the sentence of said Pitts.

The charge is brought under section 833 of the revised statutes:

"Whoever shall forge or counterfeit, or falsely make or alter, or shall procure to be falsely made," etc., "* * * any public record * * * or shall utter or publish as true any such false, altered, forged or counterfeited record * * * with intent to injure or defraud any person, or any body politic or corporate on conviction, shall," etc.

The errors complained of were urged in a motion to quash the information and in a motion for a new trial, and are embodied in three bills of exception. As there appears to be a repetition and reiteration in the several bills of the matters complained of, we shall consider the same in our own order.

[1, 2] 1. It is contended that the information fails to disclose a right or cause of action, and is vague and indefinite and too general. The information follows the words of the statute, and sets out the forged document in full. This is all that could be required of the prosecutor. Moreover, the defendant has not pointed out in what respect the information fails to disclose (as he calls it) a cause of action, or wherein it is vague and indefinite. The appellate court can hardly be expected to search for points, and to raise issues which the defendant has not made.

[3] 2. It is urged that the criminal district court of the parish of Orleans is without jurisdiction; that the board of pardons is a nonjudicial body comprising the entire state on matters of executive clemency, and that its action is conclusive over all court actions.

The petition of recommendation purports to have been prepared, dated, and signed by Judge Bell at Shreveport, but as a matter of fact the evidence shows that the document was forged and issued by the defendant in the city of New Orleans. The criminal dis-

trict court of this city therefore had jurisdiction of the crime.

There is no merit in the contention that the action of the board of pardons is not subject to judicial scrutiny, and is conclusive in matters of executive clemency. No action of the board of pardons is at issue in this case, and the court is not called upon to scrutinize or to review any act of said board. There is no connection or relation between the powers and functions of the state board of pardons, and the action of the state in its prosecution against the defendant for the crime of forgery. Whether the board of pardons acted on the forged recommendation is totally immaterial in this prosecution.

[4] 3. That the information fails to show any material writing, and fails to state any facts which constitute a crime under the laws of Louisiana. We understand from this that the document, the subject of the charge, is of no legal effect and is not such that a charge of forgery can be predicated upon.

Section 10 of article 5 of the Constitution of 1921 provides that the Governor shall have power to grant pardons and to commute sentences upon the recommendation *in writing* of the Lieutenant Governor, Attorney General, and presiding judge of the court before which the conviction was had, or any *two* of them.

The *written* recommendation of Judge Bell directed to the Governor, or to the other members of the board of pardons, was a public record or document required by the law, and was clearly such as could be the subject of forgery within the meaning of Revised Statutes, § 833.

[5] The essential elements of forgery to be charged and proved are: (1) A writing, in such form as to be apparently of some legal efficacy. (2) An evil intent of the sort deemed fraudulent in the mind of the defendant. (3) A false making of such writing. State v. Boasso, 38 La. Ann. 204.

All of the foregoing stated elements concur to make out the case of forgery against the defendant. The recommendation for commutation is one expressly required to be in writing. It becomes therefore a public record and a public document. It is not only of apparent, but also of actual legal efficacy. For it is the written recommendation alone that authorizes the Governor to act and to grant a pardon or commutation of a sentence.

Whether the recommendation was forged by the defendant was within the exclusive province of the jury to determine, and they found that fact against the defendant. That fact being established to the satisfaction of the jury, the said jury was authorized to determine the evil and fraudulent intent and purpose in the mind of the defendant in committing the said act of forgery.

[6] 4. In the motion for a new trial it is stated that since conviction the defendant has newly discovered evidence which was unknown to him previous to the trial; that a material witness has been discovered, unknown to him before the trial. The motion fails to inform the court of the nature and character of the newly discovered evidence and conceals from the court the name of the witness who is to testify to the new facts. There is nothing for the court to act on.

[7] In a supplemental motion for a new trial it is contended that Judge Bell, whose name is charged to have been forged to the recommendation, admitted that he had recommended Pitts for commutation of sentence, as shown by a letter from Judge Bell to defendant Rosborough. The letter is as follows:

"In re Ed Pitts, Applying for Commutation of Sentence.

"I know nothing about the case and judging from its date, it must have been my father, the late T. F. Bell, who sentenced Pitts and it is no one here now that was here at that time, but if the board after investigation, think it is proper to recommend this case for commuta-

tion of sentence, you may consider that I join in said application.

"Very truly yours,

"Signed] T. F. Bell,

"Judge First Dist. Court."

It is contended that this letter was in effect a recommendation, or that at least it had the effect of negativing any fraud or intent to injure on the part of the defendant, but that on the contrary, it was proof of an honest motive and purpose in presenting the petition of recommendation. The letter was not an unconditional recommendation of commutation. It left that matter entirely with the other two members of the board, the writer agreeing in advance to the decision of the majority. The letter certainly did not justify the defendant in forging a straight-out, clean-cut, and unconditional recommendation of commutation. However, the effect of the letter on the question of intent and motive was peculiarly addressed to the jury.

We have not been favored with any argument, oral or on brief, by the defendant. We have, however, carefully considered the matters complained of, and can find no reversible error in the proceedings had in the court below.

The conviction and sentence are therefore affirmed.

Rehearing refused by the WHOLE COURT.