(122 So. 869)

No. 29833.

**STATE v. DENNIS et al.**

May 20, 1929.

Thomas G. Moran, of New Orleans, for appellants.

Percy Saint, Atty. Gen., and Eugene Stanley, Dist. Atty., and Niels F. Hertz, Asst. Dist. Atty., both of New Orleans, for the State.

ST. PAUL, J. The defendants were convicted of robbery. Their appeal presents only

one bill of exceptions, in which they complain that the trial judge refused them a new trial, which they prayed for on the ground that there was "no evidence whatever" to establish the crime, and that one of the jurymen slept a great part of the time during the trial.

The trial judge says in his per curiam that only fragments of the testimony adduced are annexed to the bill, and that the evidence as a whole established the guilt of both defendants "affirmatively, positively and beyond any reasonable doubt." He says further that the juror did not sleep during the trial; that this complaint was made for the first time in the motion for a new trial, and no evidence whatever was offered in support of the allegation.

This court is without jurisdiction to pass upon the weight and sufficiency of evidence offered to establish the guilt or innocence of an accused, and when any evidence whatever touching that issue has been adduced before the trial court, the verdict and judgment of that court upon the weight and sufficiency thereof are final, and not reviewable by this court.

If there was any misconduct on the part of the jury, it should have been called to the attention of the court at the time and some action thereon requested of the court before the verdict. The defendant is required to urge his complaints in time and to reserve his points. The bill of exception must show that the matter complained of was seasonably pointed out to the court. State v. Pitre, 106 La. 606, 31 So. 133. In this case the alleged misconduct of the juryman was not seasonably pointed out and objected to, but in fact did not exist.

The judgment appealed from is therefore affirmed.

O'NIELL, C. J., absent, takes no part.