LAND, J.
 

 Defendants are charged with the robbery of Chas. E. Pay of $16. Both defendants were convicted, and each was sentenced to imprisonment in the state penitentiary at hard labor for not less than two years nor more than six years.
 

 1. The only bill of exception reserved by either of the defendants is one taken to the action of the trial judge in overruling a motion for a new trial.
 

 The defendant Bradley Condon filed a motion for a new trial on the following grounds:
 

 (a) That the verdict is contrary to the law and the evidence.
 

 (b) That the state failed to show by evidence on the trial that the accused was guilty “beyond
 
 all
 
 reasonable doubt.”
 

 (c) That the only evidence before the jury was the hearsay statement of Charles E. Pay that the defendant Bradley Condon was one of the bandits that held up his oil station, and that this statement should not have been admitted.
 

 (d) That the attorneys employed by the
 
 *858
 
 defendant Bradley Condon withdrew from the case, and the court arbitrarily x-efused to allow 24 houi-s’ time to defendant to employ new counsel and to confer with them.
 

 The first two gi-ounds of the motion relate to questions of fact affecting the guilt or innocence of the defendant, and present nothing for review under the appellate jurisdiction of this court.
 

 The third ground of the motion filed by the defendant Condon will be considered in connection with a similar ground made in the motion for a new trial by the defendant Henry.
 

 As to the fourth ground of Condon’s motion, the minutes show that the defendant was represented at each and every stage of the proceedings by counsel. We find nothing in the record to show any arbitrary action on the part of the trial judge in connection with the right of defendant to be represented by counsel at all times. No bill of exception was reserved to the refusal of the court to allow the delay of 24 hours for the employment by defendant of new counsel of his own choosing, and no motion for continuance was made, when the delay was refused, by the counsel then representing defendant on any ground whatever.
 

 We find no error in the overruling by the trial judge of the motion for new trial made by the defendant Condon on the grounds already considered.
 

 2. The defendant Arthur Henry made a motion for a new trial on the grounds that the verdict was contrary to the law and the evidence, and that there was no evidence whatever before the jury to prove the corpus delicti, or to connect him in any way with the robbery charged.
 

 This defendant alleges in his motion for a new trial that the only evidence of any character before the jury was the testimony of Detectives Reyer and Grosch to the effect that one Charles E. Fay, the party alleged to have been robbed, had called at the detectives’ office subsequent to the arrest of Henry, and had there stated in the presence of Con-don that “he, Condon, was the man who pointed the gun at him while
 
 another man
 
 went through the cash register,” and that these same detectives also testified that the witness Fay stated that he knew nothing about Henry and had never seen him before.
 

 The defendant Henry also alleges iii his motion for new trial “that the testimony of the two detectives as above recited
 
 was hearsay and inadmissible, and was not objected to by counsel for Arthur I-Ienry
 
 for the reason that
 
 it did not affect the said Henry.”
 

 The facts of the case, as they appear from the evidence in the record, do not sustain the allegations and contentions made by the defendant Henry in his motion for a new trial.
 

 As disclosed by the record, the evidence before the jury consisted of the confessions of the two defendants, the hearsay evidence of Charles E. Fay arising from his statements made to the two detectives, and circumstantial evidence as to the commission of the robbery and as to the identity of the two defendants.
 

 Conceding that the corpus delicti cannot be established by the confessions per se of the
 
 two
 
 defendants, and eliminating these confessions as essentially lacking in probative value for that purpose, the jury still had before it the hearsay testimony of Charles E. Fay,
 
 unobjected to by counsel for Henry,
 
 and also the circumstantial evidence as to the robbery- and as to the connection of both defendants with the crime charged.
 

 The hearsay evidence seems to have been good enough in the opinion of the de
 
 *860
 
 fendahts'for'the purpose of an acquittal, and they cannot take the chances of a favorable verdict' without objections that should have been -made on the instant, and remit the disclosure of them to the close of the trial. State v. Wilson, 36 La. Ann. 864.
 

 ' Hearsay evidence, having been once received • without objection, cannot be thereafter recalled, nor its competency determined. State v. Holmes, 40 La. Ann. 170, 3 So. 564; State v. Callahan, 47 La. Ann. 500, 17 So. 50.
 

 In State v. Munston, 35 La. Ann. it is said a,t page 889 of the opinion: “The accused did not object to the admission of the testimony on this point, and. he cannot complain that the Judge should instruct the jury to weigh and consider the evidence thus admitted. All evidence when introduced must be considered by the jury.”
 

 In State v. Rohfrischt, 12 La. Ann. 382, a motion was made to exclude certain testimony from the jury. In passing upon this motion on appeal, this court said: “This motion was unmeaning. The bill shows that the testimony had already been given without objection, and its exclusion had therefore become impossible, the Jury being. already in possession of it.”
 

 It is manifest, therefore, that the jury in this case had a perfect right to consider the hearsay evidence of Charles E. Fay, admitted without objection, in arriving at its verdict.
 

 The only question remaining for decision is, Was there any evidence
 
 at all
 
 before the jury to prove the corpus delicti and to connect the defendants with the robbery charged ?
 

 Excluding the confessions of the defendants, and without considering for a moment the sufficiency of the evidence, we have no hesitancy, in saying that there was evidence before the jury both as to the corpus delicti, and as to the identity of each of the defendants, in connection with the crime committed.
 

 The admitted hearsay evidence of Chas. E. Eay shows that a robbery was committed. The defendant Condon is directly identified by this evidence as the robber who rifled the cash register at the oil station, while another man held a pistol on Pay. It is true that the defendant Henry is not identified as one of the robbers by this hearsay evidence.' But James -Baldwin, a state witness, testified that he was working at the Armstrong Oil' Station in the city of New Orleans on July 7, 1928; that about 1 o’clock in the morning he made a call, and on his return found Chas. E. Eay locked up in the lavatory of the oil station and breaking the glass in an effort to get out.
 

 Baldwin testified that before he left the oil station, about 1 o’clock in the morning, he saw the defendant Henry with two colored men getting out of an automobile at Broadway and the railroad, near the scene of the holdup.
 

 Henry, at the time, was a chauffeur for a Mr. Karger. On the morning of the holdup, at 6:30, defendant was arrested by Beyer, captain of detectives, as he was bringing his employer’s automobile into a garage. He had on his person a loaded automatic pistol, and four quarters, thirty-five nickels, and a penny. The defendant Condon, when arrested at his home, at 8 o’clock on the morning of the holdup, had on his person twenty-seven nickels.
 

 Excluding the confessions of the defendants as proof of the corpus delicti, and considering only the admitted hearsay evidence of Pay, the testimony of the state witness Baldwin and of the captain of the detectives who made the arrests, it cannot be successfully contended in this case that there was no
 
 *862
 
 evidence
 
 at all
 
 before, the .jury to prove the corpus delicti, or to connect the defendants with the robbery charged, and that therefore a question of law is presented.
 

 As to the sufficiency of such evidence to convict we are not concerned.
 

 The conviction and sentence of each of the defendants are affirmed.
 

 O’NIELL, C. J., and OVERTON, X, dissent.