ODOM, Justice.
 

 The indictment in this case charges that the defendants, Pete Gunter and Alonzo Willis, murdered William Johnson. Defendants were tried together and both convicted as charged without capital punishment. Prom the conviction and sentence to life imprisonment, they prosecute this appeal.
 

 We find in the record five bills of exception, four of which set out alleged errors made by the trial judge in permitting the state to introduce certain testimony, and the other was reserved to the overruling of a motion for a new trial.
 

 Bill No. 1 sets out that the state offered to prove by a witness for the defendants on cross-examination, a statement made by the wife of one of the accused parties when the defendant was arrested. The question asked the witness was this: “What did his wife say they arrested him for when he was arrested?” The objection made was that the evidence offered related to a statement made out of the presence of the accused, that it was hearsay, and further that “It was a statement of the wife of one of the accused and therefore incompetent evidence.” These objections were overruled, and the witness replied: “Said they came and got him and accused him of killing William Johnson.”
 

 What the state proved by this witness was that the wife of one of the accused parties had made the statement that the officers had arrested him and accused him of killing the deceased. If it be conceded that the court erred in permitting the witness to answer, the error was harmless and affords no ground for reversing the convictions and sentences. The testimony throws no light whatever upon the question of the guilt or innocence of the accused. In fact it did not relate to the guilt or innocence, but only to a statement made by the officers as to why they made the arrest. It is inconceivable that the error complained of (if error it was) resulted in a miscarriage of justice or was prejudicial to the substantial rights of the accused, and therefore, under article 557 of the Code of Criminal Procedure, the conviction and sentence should not be set aside.
 

 
 *150
 
 During tlje progress of the trial the state called a witness' named David Willis and asked him if he' had seen the defendant Alonzo Willis a short time prior to the homicide. The witness answered that he had, and the district attorney then asked him the following question: “Did he make any inquiry about William Johnson?” Counsel for defendant objected to this testimony on the ground that it was irrelevant and immaterial. The objection was overruled, and bill No. 2 was reserved.
 

 It is disclosed by the record and the briefs filed that there were no eyewitnesses to the homicide and that the state relied solely upon circumstantial evidence. The purpose of the state in offering this testimony was to show the movements, actions, statements, and conversations of the accused party previous to the date of the homicide. The record discloses that William Johnson, the .deceased, had moved from the community in which he lived to a remote section of the parish about 18 or 20 miles away a short time previous to the time he was killed and that the accused did not know where he lived. The fact that accused was making inquiries as to where William Johnson had moved was a circumstance indicating that he was making preparation to follow Johnson up. The state was ■endeavoring to prove that these defendants, together with others, had entered into a conspiracy to kill Johnson, and at the time this testimony was offered, had introduced testimony tending to prove the conspiracy. Under such circumstances it was proper to admit testimony showing the statements, inquiries, etc., made by the accused with reference to the whereabouts of Johnson.
 

 In State v. Jackson, 153 La. 519, 96 So. 53, it was held that, in cases wholly depending upon circumstantial evidence, the rule as to the admissibility of evidence is that every circumstance, however remote, which tends to shed any light on the issue, is admissible, citing State v. Jenkins, 134 La. 191, 63 So, 869, and State v. Bradley, 6 La. Ann. 559. See, also, State v. Roshto, 169 La. 251, 125 So. 67; 16 C. J. 545.
 

 Bill No. 3 was reserved to the ruling of the court permitting a witness to relate a conversation which he had with the accused Pete Gunter a short time pi-ior to the homicide. The witness testified that Guntqr told him that he was going to kill William Johnson, and that he wanted him (the witness) to go with him. The witness said that Gunter offered him $35 to go with him and kill Johnson, and, upon his refusal to do so, Gunter then offered him $40, and finally $50. The witness testified that during the conversation the defendant Gunter mentioned others who were likewise interested in the killing of Johnson.
 

 This line of testimony was objected to by counsel for defendant on the grounds that the conversation took place out of the presence of the other defendant Willis, and that such testimony was inadmissible as to him, and upon the further ground that the testimony was hearsay.
 

 The objection was properly overruled. The trial judge in his per curiam to this bill states that, at the time this testimony was offered, there was evidence that these defendants had, with others, entered into a conspiracy to kill William Johnson, and that on the day preceding the homicide the defendants had
 
 *152
 
 been seen near the home of the deceased, and that he instructed the jury that the statement made by Gunter was not admissible against Willis unless it was found that a conspiracy for the commission of the crime had been entered into between defendants. In view of the statement of the trial court'that there was evidence of a conspiracy and under his instruction to the jury that such testimony was not binding on the defendant Willis unless they should find that the testimony showed a conspiracy, the ruling of the trial judge was correct.
 

 Article 455 of the Code of Criminal Procedure reads as follows:
 

 “Each co-conspirator is deemed to assent to or to commend whatever is said or done in furtherance of the common enterprise, and it is therefore of no moment that such act was done or such declaration was made out of the presence of the conspirator sought to be bound thereby, or whether the conspirator doing such act or making such declaration be or be not on trial with his co-defendant. But to have this effect a prima facie ease of conspiracy must have been established.”
 

 Furthermore it has been held that, where it is charged that the crime committed was the joint act of two or more persons, the indictment charges a conspiracy. State v. Ford, 37 La. 443; State v. Gebbia, 121 La. 1083, 47 So. 32; State v. Dundas, 168 La. 95, 121 So. 586, 590.
 

 In State v. Dundas it was held that “the trial judge need not pass upon the question of conspiracy in the first instance, but may receive the evidence of the acts and declarations of the alleged conspirators, leaving it to the jury to give effect to them against all engaged in 'the conspiracy in the event the jury should find the conspiracy established.” The trial judge instructed the jury that, in case they should find from the testimony that a conspiracy had been entered into between these defendants, then the acts and declarations of one of the conspirators are considered the acts and declarations of all and therefore imputable to all. See cases cited in Marr’s Criminal Jurisprudence under the heading “Co-conspirators.” The trial judge did not err in permitting the introduction of this testimony.
 

 A short time after the homicide the district attorney procured a statement from a son of one of the accused and had the statement reduced to writing and signed by the witness. The statement made by this witness incriminated his father. On the trial of the case the district attorney called the witness, but, instead of his incriminating his father, he gave testimony contrary to that contained in said written statement. The district attorney, pleading surprise, asked permission to cross-examine the witness, which permission was granted. The bill of exception recites that the trial judge permitted the introduction of the written statement in evidence, and the objection was made that such statement was not admissible in evidence, the witness being then present. The district judge in his per curiam to this Bill states that the written statement was not in fact introduced in evidence, but that he did permit the district attorney to refer to said statement in examining the witness. It seems that the district attorney attempted to offer the state
 
 *154
 
 ment in evidence, and that the trial judge ruled that it was not admissible. We find no error in this ruling.
 

 Bill No. 5 was reserved to the refusal of the trial judge to grant a new trial. The motion for a new trial sets up that the verdict was contrary to the law and the evidence and further sets out the errors complained of in the four bills of exception. The allegation in the bill that the' verdict was contrary to the law and evidence presents nothing for review, and, as the errors complained of in the four bills of exception have been disposed of, this bill needs no further comment. For the reasons assigned, the verdict and sentence appealed from are affirmed.