159 So. 719

STATE v. WILLIAMS.

No. 32965.

Feb. 4, 1935.

Rehearing Denied March 4, 1935.

Allen L. Davenport, of Monroe, and John M. Madison, of Bastrop, for appellant.

G. L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., Frank W. Hawthorne, Dist.

Atty., of Bastrop, George W. Lester, Asst. Dist. Atty., of Monroe, and Lessley P. Gardiner, Sp. Asst. to Atty. Gen., for the State.

LAND, Justice.

In the first count of the indictment, defendant is charged with forging "the name of J. B. Hays as indorser to a check drawn on the Bank of Oak Ridge of Oak Ridge, Louisiana, dated September 23, 1930, payable to J. B. Hays and signed F. P. Montgomery Brown, for the sum of seventy five dollars."

In the second count, defendant is charged with uttering as true the check in question.

Defendant was tried by jury, found guilty as charged, and sentenced to serve a term of one year in the state penitentiary.

On appeal to this court, three bills of exceptions are presented for review.

### Bill No. 1.

The original check was not produced on the trial of the case, and evidence was offered by the state to prove the existence, description, and contents of the check, after testimony as to its loss had been introduced by the prosecution.

This evidence was objected to by defendant on two grounds: First, that the original check was the best evidence; and, secondly, that the proper foundation had not been laid for parol proof.

These objections were overruled by the judge a quo for the reason that the state had proved that the check had been lost, and that it was not possible to produce same at the trial.

Article 437 of the Code of Criminal Procedure of this state provides that: "Matters

which can be proved only by written evidence cannot be established by parol; but the contents of a document may be proved by parol, if its loss or destruction be shown, or if it is in the possession of the adverse party and he fails to produce it after reasonable notice."

■ Since the proper foundation was laid, as stated in the per curiam of the trial judge, parol proof of the contents of the check alleged to have been forged was admissible, under the article of the Code of Criminal Procedure above cited.

### Bill No. 2.

■ Defendant filed a motion for a new trial on the usual ground that the verdict was contrary to the law and the evidence, which presents nothing to this court for review.

And also on the following grounds, to wit:

(a) That the indictment fails to set out the full tenor or even purport for the check charged to have been forged and uttered.

(b) That the indictment fails to allege that the check was lost or destroyed or was in the possession of the defendant.

(c) That the proper foundation was not laid to prove the forgery and uttering of the check.

Article 236 of the Code of Criminal Procedure of this state provides that: "In any indictment for forging, uttering, stealing, destroying, obtaining by false pretenses, or by swindling, embezzling, or concealing any instrument, it shall be sufficient to describe such instrument by any name or designation by which the same may be usually known, or by the purport thereof, without setting out any copy or facsimile thereof, or otherwise describing the same or the value thereof." See, also, article 233 of Code of Criminal Procedure.

■ The indictment in this case describes the instrument charged to have been forged as a "check," the name by which it is usually known; and by the purport thereof, by giving date, amount of check, by whom drawn, and name of payee, and charges that the forgery was of the name of the indorser or payee of the check.

The article of the Code of Criminal Procedure above cited has been substantially complied with.

■ As to the second ground of complaint, that the indictment fails to allege that the check was lost or destroyed or was in the possession of the defendant, it is not necessary in an indictment for forgery to allege loss of the instrument, and, in the absence of the instrument, only its substance need be charged. State v. Peterson, 129 N. C. 556, 40 S. E. 9, 85 Am. St. Rep. 756, 757.

The third ground of the motion for new trial, that the proper foundation was not laid to prove the forgery and uttering of the check, has already been passed upon for reasons given under bill of exception No. 1.

■ Besides, the defendant in this case is attempting to attack the indictment in a motion for a new trial. The objections urged against the indictment should have been taken by demurrer or motion to quash and disposed of before trial on the merits. Articles 284, 287, Code of Criminal Procedure.

### Bill No. 3.

This bill was reserved to the action of the trial judge in overruling a motion in arrest of judgment, predicated upon the allegations that the indictment is vague, lacking in details, and fails to allege the loss of the forged check.

As we have already held that the indictment is sufficient and valid, in discussing bills of exception Nos. 1 and 2, the motion in arrest was properly overruled.

The conviction and sentence are affirmed.