FOUE.NET, Justice.
 

 The defendant,-Nick Bruscatto, was convicted of larceny of an assortment of cigarettes, cigars, and tobacco of the value of . $56, and a motion for a new trial was filed, on the following grounds, to wit:
 

 “First: That the verdict of th'e jury is •contrary to the law and the evidence;
 

 “Second: That evidence has been discovered since the said trial which will •establish the innocence of respondent, which said evidence was to respondent unknown before the said trial and which, notwithstanding diligent search, was not discovered until after the said trial.”
 

 We shall discuss these issues in the reverse order.
 

 Upon the trial of the motion, one of defendant’s counsel was sworn as a witness to give testimony in support of the motion, to which testimony the district attorney objected on the ground that “the motion is defective on its face and does not comply with the Code of Criminal Procedure.” The objection was sustained by the lower court and the motion denied. Counsel for defendant excepted and reserved a bill of exception.
 

 Articles 511 and 512 of the Code of Criminal Procedure relating to motions for new trials provide:
 

 Article 511: “To entitle the accused to a new trial on the ground of newly discovered evidence, it must affirmatively appear that notwithstanding the exercise of reasonable diligence, the evidence was not known before or during the trial, but has been discovered since; that said evidence is not merely cumulative; that it does not merely corroborate or impeach the credibility or testimony of any witness examined on the trial; that it is so material that it ought to produce a different result than the verdict reached, and that it is admissible. These allegations must be recited in the motion and be sworn to by the accused.”
 

 Article 512: “Besides the requirements of the last preceding article, the motion q.nd affidavit must disclose- the names of the
 
 *545
 
 newly discovered witnesses, the facts which each of these witnesses knows and will testify to, that these witnesses are not beyond the process of the court, and that there was no other witness previously known within the process of the court by whom said facts could have been established ; and the motion and affidavit must show not only reasonable diligence to obtain the evidence after its discovery, but also reasonable diligence to discover the existence of the testimony.”
 

 In the case of State v. Rosborough, 156 La. 1049, 101 So. 413, 414, this court held:
 

 “In the motion for a new trial it is stated that since conviction the defendant has newly discovered evidence which was unknown to him previous to the trial; that a material witness has been discovered, unknown to him before the trial.
 
 The motion fails to inform the court of the nature and character of the newly discovered evidence and conceals from the court the name of the witness who is to testify to the new facts. There is nothing for the court to act on."
 
 (Italics ours.)
 

 But counsel for defendant say that “it is true that the affidavit to the motion does not comply with the requirements of article 512 of the Code, but we do not believe that this court will hold that those requirements are sacramental and that if they are not set out in the motion and affidavit exactly as set out in the article that the court is justified and authorized to overrule the motion on its face.” They state further in their brief that “the question presented in this appeal is not a question as to whether or not a new trial should be granted upon the newly discovered evidence,
 
 but the zvhole question involved in the appeal is whether or not the District Judge was authorized to overrule the motion on its face and decline to receive any evidence whatever, in support of the motion."
 
 (Italics ours.)
 

 In support of their contention, counsel rely upon the cases of State v. Joseph Hyland, 36 La.Ann. 87; State v. Vicknair, 118 La. 963, 972, 43 So. 635; State v. Williams, 124 La. 779, 50 So. 711. We have carefully reviewed these decisions and do not find them applicable to the case at bar.
 

 In this case the defendant not only failed to disclose the names of the alleged newly discovered witnesses, the facts which each of the witness'es would testify to; that they were not beyond the process of the court; and that there were no other witnesses previously known within the process of the court by whom said facts could have been established, but the allegation that defendant could produce new witnesses was made on information and belief, and, further, the very prayer of the motion for a new trial shows that he did not have such information. The prayer of defendant’s motion reads as follows:
 

 “Wherefore, respondent prays that a new trial be granted upon hearing of this
 
 motion;-and further prays that the trial of this motion be delayed until respondent can produce affidavits and witnesses supporting this motion;
 
 and further prays for all necessary orders and for general relief.” (Italics ours.)
 

 
 *547
 
 Therefore, the motion for a new trial was so defective that there was nothing for the court to act upon.
 

 It is the settled jurisprudence of this court that “allegation in bill that verdict was contrary to law and evidence presents nothing for review.” State v. Gunter, 180 La. 145, 156 So. 203, 204; State v. Knight, 180 La. 219, 156 So. 228; State v. Williams, 181 La. 470, 159 So. 719; State v. Skeahan, 167 La. 1003, 120 So. 626; State v. Dennis, 168 La. 618, 122 So. 869; State v. Carter, 168 La. 807, 123 So. 332; State v. Henry, 168 La. 855, 123 So. 597.
 

 For the reasons assigned, the verdict of the jury and the sentence of the court are affirmed.