PONDER, Justice.
 

 The defendant, Elmer Smith, was jointly charged with Willard Stoddard and Paul Goodman in a bill of information with the crime of robbery. Stoddard and Goodman, on arraignment, pleaded guilty to the charge. The defendant Smith entered a plea of not guilty. The defendant Smith was tried by a jury and found guilty as charged. After conviction the defendant was charged by the district attorney as being a third felony offender. The defendant Smith pleaded guilty to being a third offender and was sentenced to a term of not less than 28 nor more than 56 years in the' penitentiary. The defendant appeals from the conviction and sentence.
 

 During the course of the trial the defendant through his counsel reserved five bills of exceptions. Bill of exception No. 1 was taken to the refusal of the trial judge to charge the jury to disregard certain
 
 *809
 
 evidence. We find no note of testimony attached to this bill. It appears from the allegations in the bill of exception that the prosecuting witness testified that Stoddard, a co-defendant, had taken a certain amount of money from him and that a certain amount of the money had been returned to him. Counsel for the defendant objected to the evidence contending that the evidence was inadmissible to show any amount of money taken other than that charged in the indictment and that no evidence was admissible to show the return of any money by any one other than the defendant. The counsel asked the court to instruct the jury to disregard the evidence as to the money which had been returned. The court ruled that the evidence as to the money returned was not admissible but did not instruct the jury to disregard it. Counsel for the defendant reserved a bill of exception. The court in its per curiam stated that it did not consider the instruction to the jury necessary because the evidence did not show that any amount of money was taken from the prosecuting witness by the defendant in excess of that charged in the indictment. Counsel contends that the evidence was prejudicial to the defendant because it did not show who had returned the money but left the jury to infer that probably Smith might have returned the stolen money. The counsel has not favored us with any authority supporting his contention. Even though we were to arrive at the conclusion that the testimony was inadmissible, as contended for by counsel for defendant, we cannot see how it would injure the defendant because the inference from the testimony would be that Stoddard was the one who returned the stolen money. We see no merit in this bill.
 

 Bill of exception No. 2 was taken to the court’s overruling the defendant’s objection to the testimony of Stoddard, a co-defendant in the bill of information, to the effect of stealing an automobile prior to the robbery. Counsel for the defendant contends that evidence of the stealing of an automobile prior to the robbery or any separate offense not charged in the indictment was inadmissible and prejudicial to the defendant. We find no note of testimony attached to this bill. The court in its per curiam states: j
 

 “The Court considered that the testimony as to what was done by the defendant and his two co-defendants prior to the robbery was admissible at the time the testimony was sought to be adduced for the reason that the robbery was shown, and there was no dispute about the fact that the defendant was present and actually drove the automobile. The purpose of the evidence was to show a preconceived plan on the part of the three defendants to perpetrate the robbery, and, in furtherance of this plan, the object of the State in offering the testimony was to show that they prepared for it by stealing an automobile at Dequincy to aid them in their plan.”
 

 From the per curiam of the court it appears that this testimony was admissible to show the acts of the defendants prior to the robbery in furtherance of the common enterprise. Article 455, Code of Criminal Procedure. State v. Gunter, 180 La. 145, 156 So. 203. Moreover, the trial
 
 *811
 
 jüdge could have admitted the testimony-in order that the jury might determine whether or not there was a conspiracy. State v. Gunter, supra.
 

 Bill of exception No. 3 was taken to the admission-of testimony by the court as to the acts of the defendant and co-defendants after leaving the scene of the robbery. The court in its per curiam states:
 

 “The defendant complains that evidence was admitted to show where the defendants and his accomplices had gone and what they had done after leaving the scene of the alleged robbery.”
 

 “The Court considered that evidence showing that this defendant and his accomplices after the robbery had actually ^divided the money taken from the prosecuting witness, and their conduct generally immediately after the robbery was admissible to show that the accused participated in the perpetration of the crime, it having already been shown that he was present with his other co-defendants when the robbery was perpetrated, and that he went there with them in a stolen automobile.”
 

 The note of testimony goes to show that Stoddard testified to the division of the money after the robbery. The testimony was admissible to show what was done in furtherance of the common enterprise. Article 455, Code of Criminal Procedure. The testimony was of acts done in furtherance of the conspiracy. State v. Dundas, 168 La. 95, 121 So. 586.
 

 Bill of exception No. 4. Paul Goodman, who was jointly charged with the defendant in the bill of information and who had previously pleaded guilty, while on the stand on direct examination as a witness for the State, proved to be hostile and very unwilling to testify and the district attorney pleaded surprise and asked permission to cross examine him with the view of impeaching him, which was granted by the court. The district attorney asked the witness if he did not make a statement to the warden of the penitentiary which was reduced to writing and signed by the witness wherein among other things the witness stated that he saw Elmer Smith the night after the robbery at a church house in West Lake and that Elmer Smith told the witness all about the robbery. Counsel for the defendant objected to the district attorney asking about this statement made to the warden contending that it was inadmissible as it was made outside the presence of the defendant. The counsel also objected on the ground that it was in effect reading the statement into the record. The court overruled the objection and the defendant reserved a bill of exception which is defendant’s bill of exception No. 4. The witness answered the question, viz.: “Yes, I did.” The per curiam of the court states:
 

 “The Court does not consider this bill has any merit for the reason that Paul Goodman, a co-defendant who had previously pleaded guilty, was on the stand on direct examination as a witness for the State, and the witness was obviously very unwilling to testify, and proved that by being a hostile and obstinate witness. The State pleaded surprise and requested the right to cross-examine its own witness, which right was granted, and in the course
 
 *813
 
 of the examination the State found it necessary, on proper plea, to lay the foundation to impeach this witness, and the impeaching question was propounded. However, after the question was propounded and the foundation laid for impeachment, an impeachment was unnecessary. The Court sees no error in this ruling.”
 

 The witness admitted having made the prior statement. The witness testified that this statement was true and that Smith had told him all about the robbery. Under the provisions of' Article 487 of the Code of Criminal Procedure, the district attorney had the right to plead surprise when the witness showed hostility toward him and to impeach the witness by proving prior contradictory statements. However, in the instant case it became unnecessary to impeach the witness as he admitted having made the prior statement and testified to a similar state of facts.
 

 The counsel for the defendant in his brief contends that the court erred in permitting the district attorney to read to the jury a purported confession of the witness, co-defendant, implicating the defendant and made out of the presence of the defendant without first showing that the confession was free and voluntary.
 

 After examining the bill of exception, the per curiam of the court and the note of evidence attached to the bill of exception, we find no such objection urged in the trial court. Moreover, we find nothing in the record to show the district attorney ever read the statement to the jury. From the bill of exception, the per curiam of the court and the notes of testimony, the bill was leveled solely at the district attorney’s right to ask the witness about a contradictory statement he had made to the Warden of the penitentiary. We see no merit in the bill.
 

 The defendant’s bill of exception No. 5 was reserved to the overruling of defendant’s motion for a new trial. The motion for a new trial embraces the four bills of exceptions which we have already determined. The only other issue raised in the motion for a new trial is to the effect that • the verdict was contrary to the law and the evidence. There is no merit to this bill. Code of Criminal Procedure, Article 516. State v. Laracca, 174 La. 700, 141 So. 381; State v. Lewis, 175 La. 696, 144 So. 423; State v. Sanderson, 169 La. 55, 124 So. 143.
 

 For the reasons assigned the conviction and sentence are affirmed.