WARD, Judge.
Michael D. Ward was charged with violating La.R.S. 14:72 by forging a credit application for Rosenberg’s Furniture Store. That part of the statute pertinent to this case defines forgery as “the false making or altering, with intent to defraud, of any signature to, or any part of, any writing purporting to have legal efficacy.” Ward filed a motion to quash the bill of information on the grounds that the credit application was not a “writing purporting to have legal efficacy” within the meaning of the forgery statute. The Trial Judge granted the motion to quash, and the State has appealed. -We reverse the ruling and remand the case for trial.
*183 The Reporter’s Comment to La.R.S. 14:72, the forgery statute, states:
“Purporting to have legal efficancy,” as a description of the “writing,” is intended to limit it only slightly. All writings of serious enough nature to be considered subject matter of this crime “purport to have legal efficacy.” If they do not, the matter is too trivial to concern the administration of criminal justice. “Purporting to have legal efficacy” should be broadly construed, however. It is not necessary that the forged writing be one that, if genuine, would be a basis for legal liability. Licenses, tickets of admission, letters of recommendation, receipts, etc., all purport to have legal efficacy, as well as the more familiar contracts, notes, or public records. If the writing could be used as proof in a lawsuit it would be susceptible to forgery. See State v. Boasso, 38 La.Ann. 202 (1886). See also State v. Jefferson, 39 La.Ann. 331, 1 So. 669 (1887) (forged order reading “X has picked 215 pounds of cotton”); State v. Stephen, 45 La.Ann. 702, 12 So. 883 (1893) (falsely punched plantation work ticket); State v. Rosborough, 156 La. 1049, 101 So. 413 (1924) (forged recommendation for commutation of sentence).
In support of his Motion to Quash, Ward contends the liberal conclusions of the Comment are not supported by the cited cases which he argues support a narrow interpretation of the statute. We disagree. Although the Comments are not determinative of our interpretation of the statute, they are persuasive in determining legislative intent. However, the cases relied upon by counsel for Ward were decided before the statute was enacted and are merely examples of what documents may have legal efficacy.
The Criminal Code states in its preliminary provisions:
The articles of this Code cannot be extended by analogy so as to create crimes not provided for herein; however, in order to promote justice and to effect the objects of the law, all of its provisions shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with a context, and with reference to the purpose of the provision.
La.R.S. 14:3.
Given this mandate, we have no difficulty in finding that a credit application purports to have legal efficacy, which we interpret to mean the document has the power to produce a legal effect. In making the application, Ward sought the right to obtain merchandise from Rosenbergs as a credit customer. Had he been successful, a legally-enforceable credit arrangement would have resulted.
Ward’s counsel further argues that because credit was not extended on the basis of the application, it has no legal efficacy. We do not agree. The crime of forgery is the making of the writing with the intent to defraud, and the misappropriation which may or may not ensue is not an element of the crime. Clearly, the intent of the law, as the Comment indicates, is that we need not wait until a perpetrator cashes a forged check, receives payment under a forged license, or gains other advantage. The mischief defined by the Code has been done when the false writing is made with the requisite intent. The facts of this case show beyond a doubt that Ward falsely completed the credit application with the intent to defraud, and, as previously explained, the application had the power to produce a legal effect.
Accordingly, we hold the essential elements of the crime of forgery are satisfied, and the Trial Judge erred when he quashed the bill of information charging Michael Ward with violating La.R.S. 14:72. We reverse that judgment.
REVERSED AND REMANDED.