(91 South. 761)

No. 25076.

STATE v. VENEZIA.

(Feb. 27, 1922. Rehearing Denied March 27, 1922.)

*(Syllabus by Editorial Staff.)*

1. Intoxicating liquors ⟳13 — Eighteenth Amendment held not to render invalid state statute enforcing prohibition.

The Eighteenth Amendment to the Constitution of United States, prohibiting manufacture, sale, and transportation of intoxicating liquor, and giving Congress and the states concurrent power to enforce the amendment by appropriate legislation, does not take from the state power to enact statutes prohibiting sale, etc., of intoxicating liquors, so as to render invalid Act No. 8 of 1915, prohibiting the keeping of "blind tigers."

2. Criminal law ⟳1159(2) — Supreme Court may not consider sufficiency of evidence unless there is a total lack of evidence.

Under Const. art. 7, the Supreme Court is denied jurisdiction of the question of the sufficiency of evidence to make out an offense unless there is a total lack of evidence.

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; B. H. Pavy, Judge.

Tony Venezia was convicted of violation of Act No. 8, 1915, prohibiting keeping "blind tigers," and he appeals. Affirmed.

Dudley L. Guilbeau, of Opelousas, for appellant.

A. V. Coco, Atty. Gen., R. Lee Garland, Dist. Atty., of Opelousas (T. S. Walmsley, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

DAWKINS, J. According to defendant's brief and argument, this case presents two questions:

First. Was Act No. 8, 1915, the "blind tiger" statute, repealed by the Eighteenth Amendment to the federal Constitution; and,

Second. Did the evidence, all of which is attached to bill of exception to the overruling of a motion for new trial, support the charge?

[1] Counsel concedes that the first question has been twice decided by this court contrary to his present contention (see cases of City of Shreveport v. Archie Marx, 148 La. 31, 86 South. 602, and State v. Benny Boudreaux, 150 La. 435, 90 South. 751, but attacks these decisions upon grounds which we proceed to consider.

Counsel says:

Prior to the Eighteenth Amendment, the power of the Legislature was of a regulatory character only, as indicated by article 181 of the state Constitutions of 1898 and 1913, reading:

"The regulation of the sale of alcoholic or spirituous liquors is declared a police regulation, and the General Assembly may enact laws regulating their sale and use."

That this denied, at least by implication, the power to prohibit; that sections 1211 and 2778 of the Revised Statutes, known as local option laws, by which municipalities and parishes might, by vote of the electors permit or prohibit the sale of such liquors, were in furtherance of this power of regulation; and that acts such as No. 8 of 1915 were passed in aid of local option. That the Eighteenth Amendment took from, or paralyzed the power of the states to regulate, and that such laws as were intended to aid regulation necessarily fell with the surrender of that power.

It is not contended that there is any conflict between the statute and the federal amendment in so far as the enforcement of prohibition is concerned, but that, on account of the alleged limitation in the state Constitution, Act No. 8 of 1915 was intended and could only have been intended to aid regulation.

It was conceded in oral argument that, under the state local option laws, the whole territory of the commonwealth might have become dry by the gradual voting out of liquor in the several subdivisions, the effect of which would have been the same, in so far as the right to sell throughout the state is concerned, as if it had been prohibited by state or federal constitutional provision, and that the attaining of state-wide prohibition by this gradual process (local option) would not have repealed the law under discussion. It was likewise conceded that, if the state Constitution had been amended in the very language of the Eighteenth Amendment before the latter came into existence, this, too, would not have effected a repeal.

If the power to regulate had been conferred upon the national Congress exclusively, then, if the law attacked was intended to regulate a business actually permitted, the argument would be entirely applicable, because in the true sense this would have been a surrender of such power by the states and a delegating of it to Congress. But that was not the case. What actually happened was that the people of the states of the Union, through their state Legislatures, following a method provided by the federal Constitution, themselves enacted a law (the Eighteenth Amendment) imposing a limitation upon both Congress and the several states prohibiting the giving of lawful permission to engage in such business for beverage purposes, and commanded both to enact "appropriate legislation" to enforce (not permit) the same. So that, as we see it, the amendment did not work a change or shifting of any power, in the sense of shifting it from one authority to another, but was legislation in one of the forms provided by our system of government whose effect, in the sense of repealing any other legislation, is to be determined by the well-established rules of intention and conflict. When we look at the Eighteenth Amendment itself, as pointed out in City of Shreveport v. Marx, supra, we find no such expression of intention or conflict, but, on the contrary, an express command to both governments to enact laws of the nature of Act No. 8.

With respect to the argument that, in enacting the "Blind Tiger" Law, which was to apply to those subdivisions of the state where the liquor business was prohibited, the Legislature never contemplated or had in mind national prohibition, we will say that this law nowhere indicates any kind of prohibition, whether local, state, or national; and it could hardly be contended that it did not or would not have become effective in every subdivision of the state as it became dry, or that it would have been repealed by the enactment of state-wide pro-

hibition. We therefore disagree with counsel in the contention that the law in question was in aid of local option, or regulatory in character, but think that it was intended to enforce prohibition, whether of the kind then existing in this state, or otherwise.

Our conclusion is that, there being no conflict anywhere with the act No. 8 of 1915, nor any intention, express or implied, to repeal it, the same still stands as a valid law, operative throughout the state, as the effect of the Eighteenth Amendment. The Legislature so recognized it at the special session of 1921, recently closed, and after the case of City of Shreveport v. Marx, supra, was decided, for the Hood Bill (Act No. 39 of 1921, § 10), a law similar to the Volstead Act (41 Stat. 305), specially excepts it from the laws therein repealed.

[2] As to the second proposition, to wit, the sufficiency of the evidence to make out the offense, this is a question of which we are denied jurisdiction by the state Constitution (article 7, § 10), unless there be a total lack of evidence, and we do find that there was some evidence to support the conviction.

For the reasons assigned, the judgment and sentence appealed from are affirmed.

O'NIELL, J., concurs in the result.