Appeal and error ⟨⟩553(1)—Mere note in minutes of defendant's reservation of bill for new trial held not to present any question for review.

Mere note in court's minutes that defendant reserved a bill for a new trial, which was applied for solely on the ground that verdict was contrary to law and evidence, does not present any question of law requiring review, in the absence of formal bill of exceptions drawn up or signed by judge.

Appeal from Third Judicial District Court, Parish of Claiborne; J. E. Reynolds, Judge.

Willie Burch was convicted of manslaughter, and he appeals. Affirmed.

Thomas T. Land, of Shreveport, for appellant.

A. V. Coco, Atty. Gen., and W. D. Goff, Dist. Atty., of Arcadia (T. S. Walmsley, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

LECHE, J. The defendant in the above cause was indicted for murder and was found guilty of manslaughter. He was sentenced to hard labor for a period of not less than 18 months nor more than 3 years.

The record shows that he applied for a new trial on the ground that the verdict is con-trary to the law and the evidence. The motion for a new trial was overruled, and, while a minute entry shows that defendant reserved a bill to that ruling, no formal bill of exceptions was drawn up or signed by the judge.

Defendant, although represented by counsel, made no appearance in this court.

A mere note in the minutes that a defendant reserves a bill for a new trial, which was applied for solely on the general ground that the verdict is contrary to the law and the evidence, does not present any question of law requiring review by this court.

The proceedings appear to have been regular and according to law, and, finding no error therein,

It is ordered that the judgment appealed from be affirmed.

———

(101 South. 18)

No. 26652.

## STATE v. ALLEN.

(June 20, 1924.)

*(Syllabus by Editorial Staff.)*

1. Criminal law ⟨⟩1158(1)—Supreme Court without power to review evidence of defendant's guilt or innocence.

The Supreme Court is without power to review evidence on question of defendant's guilt or innocence.

2. Criminal law ⟨⟩939(1)—New trial for newly discovered evidence denied in absence of diligence.

Motion for new trial on ground of newly discovered evidence will not be granted when it fails to show the exercise of due diligence.

3. Criminal law ⟨⟩945(2)—Alleged newly discovered evidence held insufficient to entitle defendant to new trial.

Alleged newly discovered evidence consisting of testimony as to defendant's absence from town on the day of alleged offense *held* insufficient to entitle him to new trial.

Appeal from Second Judicial District Court, Parish of Webster; Robert Roberts, Jr., Judge.

Walter Allen was convicted of unlawfully possessing intoxicating liquor, and he appeals. Affirmed.

Drew & Drew, of Minden, for appellant.

Percy Saint, Atty. Gen., and Robert Harwell Lee, Dist. Atty., of Minden (Percy T. Ogden, of Crowley, and M. M. Irwin, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

OVERTON, J. Defendant was tried and convicted on a bill of information charging him with having had on November 19, 1923, unlawfully in his possession, for sale for beverage purposes, intoxicating liquor, commonly called whisky, the said intoxicating liquor having been unlawfully acquired. He was sentenced to 60 days in jail, fined $500, and in default of the payment of the fine to 6 months' additional imprisonment.

Defendant has filed no brief. He reserved but one bill of exception to the proceedings had; and that bill is one to the overruling of a motion for a new trial. The motion is based on the following grounds, to wit:

(1) On the ground that the conviction is contrary to the law and the evidence.

(2) On the ground that he has discovered new evidence.

Defendant attached to and made part of his motion for a new trial several affidavits and a certificate showing the alleged newly discovered evidence.

One of these affidavits is to the effect that, if granted a new trial, defendant will be able to show by his wife and sons that he left his home at 8 o'clock a. m. on June 19, 1923, the day upon which it is alleged that he illegally possessed the liquor, on a trip to a point near Bradley, Ark., at which point he arrived at 10 a. m. This affidavit is signed by defendant's wife and his sons.

Another of the affidavits attached to the motion is to the effect that on this trip defendant stopped for a short while and conversed with some friends. This affidavit was made by the friends with whom the conversation was had.

Two of the affidavits made part of the motion are to the effect that the parties who signed them have known defendant for a number of years, and have had no occasion to believe that he would misrepresent anything, and have never known him to drink whisky or to deal in it.

The certificate attached to the motion shows that the mayor of Springhill, La., convicted four persons, naming them, on May 17, 1923, for being drunk and disorderly. The certificate shows nothing further, and the motion does not show the connection that the certificate has with the case.

Opinion.

[1] The first ground of the motion for a new trial presents nothing for review on appeal, since we are without power to review the evidence on the question of the guilt or innocence of the accused in order to determine whether the verdict was justified or not. This rule is too well established to require the citation of authority.

[2] In so far as concerns the second ground, the motion for a new trial fails to set out or show in any manner that, notwithstanding the exercise of due diligence, defendant failed to learn of the alleged newly discovered evidence before or during the trial, but discovered it only after trial. The law is that the motion must show the exercise of due diligence. Marr's Criminal Jurisprudence (2d Ed.) § 711, p. 1099. Hence, as the motion fails in that essential respect, the judge a quo ruled correctly in refusing a new trial.

[3] Having reached the foregoing conclusion, it is unnecessary to consider whether or not defendant would have been entitled to

a new trial had he alleged in the motion for one that, notwithstanding the exercise of due diligence on his part, he failed to learn of the facts set out in the affidavits until after the trial. However, it is not amiss to say that, had he alleged such diligence and sworn to the allegation, still the facts disclosed by the affidavits would not have entitled him to a new trial.

For the reasons assigned, the judgment appealed from is affirmed.