BRUNOT, J.
 

 The defendant was charged with manufacturing intoxicating liquor for beverage purposes. 1-Ie was tried, convicted, and sentenced. From the verdict and ■ sentence he has appealed.
 

 There are four bills of exception in the record. The first bill was reserved to the overruling of a motion for a new trial, and the others were reserved to the refusal of the judge to specifically charge himself as ■ requested.
 

 The motion for a new trial alleges that the verdict is contrary to the law and the evidence.
 
 [1]
 
 In this case the oral testimony given at the trial was reduced to writing and was attached to the motion. The bill of exceptions so declares, and this testimony appears in the record only as a part of the motion for a new trial. We, however, consider this of no importance, because, in criminal cases, the jurisdiction of this court extends to questions of law alone. Article 7, § 10, Constitution of 1921. We have repeatedly held that it is only where there is no evidence at all upon some essential element of the crime charged that we may set aside the verdict for insufficiency of the evidence. In State v. Wells, 147 La. 822, 86 So. 268, this court said:
 

 “If an accused appears to have been convicted without any evidence at all having been produced against him, literally none at all, a question purely of law is presented on appeal.”
 

 In State v. Dunnington, 102 So. 481,
 
 [1]
 
 a recent expression of this court is as follows:
 

 “This court has zealously, uniformly, and consistently adhered to the rule that it will not pass upon nor determine the sufficiency of the evidence to convict, however manifest such insufficiency may appear to the court. State v. Rogers, 152 La. 906, 94 So. 439; State v. Tyler, 150 La. 132, 90 So. 538.”
 

 The oral testimony attached to the motion for a new trial discloses that much circumstantial evidence was offered and the trial judge’s per curiam to this bill is as follows:
 

 “The evidence satisfied the court beyond a reasonable doubt that the accused was legally guilty as charged.”
 

 Bill No. 2 merely questions the sufficiency of the evidence. Defendant requested the judge to charge himself:
 

 “That the finding by the officers of a gasoline barrel or drum concealed in a brush pile 50 yards from defendant’s house, and of a partly filled barrel of sour corn, also a 5-gallon jug that smelled as if it had formerly contained corn liquor, the said jug being in defendant’s outhouse, and the finding of signs of fires under defendant’s shed and 10 gallons of beer, are not facts of themselves sufficient to constitute the crime of manufacturing intoxicating liquors contrary, to the laws of the state of Louisiana.”
 

 The per curiam of the judge is as follows:
 

 “The court considered that all of the evidence was sufficient to make a case against the defendant for manufacturing intoxicating liquors.”
 

 Bill No. 3 was reserved to the refusal of the judge to charge himself.
 

 “That a defendant can possess beer of more than one-half of one per cent, alcohol by volume, where he has prepared the mash, which did not contain the alcohol by volume at the time of preparation but by act of God or nature developed more than one-half of one per cent., without being guilty of manufacturing intoxieáting liquors.”
 

 The court in its per curiam to this bill says:
 

 “The court refused to so charge itself for the reason that the charge requested was inapplicable to the case on trial.”
 

 
 *85
 
 The information charges that the defendant did:
 

 “Willfully and feloniously manufacture intoxicating liquor for beverage purposes.”
 

 In the absence of a proper showing that the requested charge was applicable to the facts of the case, the trial judge’s per curiam will be accepted as correct.
 

 Bill No. 4 was reserved to the judge’s refusal to charge himself:
 

 “That anything distilled must be shown to contain more than one-half of one per cent, of alcohol by volume before defendant can be convicted of the charge herein.”
 

 The per curiam of the judge is as follows:
 

 “The evidence showed that a complete whiskymaking outfit and equipment was found at defendant’s barn, or other outhouse, on his premises. including ‘mash’ or material out of which whisky is made; that a large demijohn, or container, and a smaller container, a jug, were found concealed in defendant’s barn, the former being empty, but from the strong smell of whisky showed it had been used to hold whisky, and the latter was filled with some kind of liquid scarcely in the whisky stage. The evidence all together having satisfied the court that the defendant had been making whisky, the court held him guilty as charged on, evidence independent of the evidence of the contents of the jug. which defendant’s attorneys declared to be beer; and hence the court held the requested charge to be inapplicable.”
 

 As an independent proposition, the requested charge is a correct statement of the law, but the trial judge disputes its applicability to the facts of this case, and there is nothing in the record to justify this court in holding that he has erred in his conclusion. In this connection, we think the case of State v. Frank Scott, 103 So. 757,
 
 [2]
 
 No. 26380 of the docket of this court, is in point.
 

 Finding no prejudicial error in the record, the verdict and sentence appealed from are affirmed.
 

 [1]
 

 157 La. 378.
 

 [2]
 

 158 La. 249.