ST. PAUL, J.
 

 The defendant was convicted of possessing intoxicating liquor for beverage purposes.
 

 1.
 

 He complains that since the Eighteenth Amendment to the Constitution of the United States such offense is cognizable only by the United States and the federal courts.
 

 This same contention was made in State v. Venezia, 151 La. 349, 91 So. 761, and was rejected as unsound by this court. It was also rejected by the Supreme Court of the United States in United States v. Lanza, 260 U. S. 377, 43 S. Ct. 141, 67 L. Ed. 314.
 

 II.
 

 He also complains that having already been convicted of said offense before the United States courts, he cannot again be convicted before the state courts for the same offense.
 

 The same contention was made in State v. Hebert, 158 La. 209, 103 So. 742, and was also rejected as unsound by this court. It was also rejected by the Supreme Court of the United States in Hebert v. Louisiana, 47 S. Ct. 103, 71 L. Ed.-.
 

 III.
 

 He further complains that the punishment inflicted on him was cruel and excessive.
 

 The penalty inflicted was within the limits of the statute (Act No. 39 of 1921 [Ex. Sess.]: and this court has already held that the penalties imposed by said statute are not cruel or excessive. State v. Jackson, 152 La. 656, 94 So. 150; State v. Sharp, 156 La. 531, 100 So. 707.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.