FOURNET, Justice.
 

 The accused, Lawrence McDonell, Jr., having been convicted on a charge filed in a bill of information with breaking and entering in the nighttime with intent to steal, filed a motion for a new trial on the ground that the jury’s finding of his guilt was contrary to the law as given them by the court that nighttime is any time from sundown to sunup, and daytime as any time from sunup to sundown, since the evidence shows the prosecuting witness testified the offense had been committed between the hours of 6 and 7 p- m. on July 11, 1942, and, according to the letter of P. J. Naughton, Associate Meteorologist of the Weather Bureau of the United States Department of Commerce, attached to and made a part of the motion for a new trial, the sun did not set until 8:04 p.m. CWT on that day, and reserved the bill forming the basis of this appeal when the trial judge refused to grant such motion.
 

 The judge who. tried the case having died, prior to the imposition of sentence, his successor in office sentenced the accused as a multiple offender under Act No. 15 of 1928 to serve 28 years at hard labor in the state penitentiary and we find in the per curiam prepared by this judge from the record as made up that it was his opinion “The transcribed testimony of the State witness Lucille Rubel, made part of the motion for new trial, shows that the jury’s verdict was a proper one. While it is true that the witness places the defendant as committing the crime between 6:00 P.M. and 7:30 (7:00) P.M., she, nevertheless, at two places in her testimony fixes the breaking and entering as having occurred after sunset. * * * In the Court’s mind the witness was probably confused as to the time. As to the question of the period of the day, she specifically fixed the time as after sunset. * * * The jury found as a fact that the crime was committed after sunset. The evidence was sufficient for such finding.”
 

 We find no error in the trial judge’s ruling, for, as expressly provided in the Constitution of 1921, “The appellate jurisdiction of the Supreme Court shall * * * extend to criminal cases on questions of law alone * * *.” Section 10 of Article VII. See, also, State v. Perez, 151 La. 526, 92 So. 45; State v. Clary, 152 La. 757, 94 So. 385; State v. Minor, 154 La. 595, 97 So. 873; State v. Allen, 156 La. 676, 101 So. 18; State v. Bush, 156 La. 973, 101 So. 382; and State v. Watts, 171 La. 618, 131 So. 729.
 
 "It is only where there is no evidence at all upon some essential element of crime charged that [the court] may set aside a verdict *
 
 * State v. Holder, 159 La. 82, 105 So. 232, 233. See, also, State v. Wells, 147 La. 822, 86 So. 268; State v. Edwards, 155 La. 305, 99 So. 229; State v. Giangosso, 157 La. 360, 102 So. 429; State v. Dunnington, 157 La. 369,
 
 *605
 
 102 So. 478; State v. Wilson,, 196 La. 156, 198 So. 889; State v. Martinez, 201 La. 949, 10 So.2d 712; State v. Dow, 203 La. 707, 14 So.2d 610; and State v. Nomey, 204 La. 667, 16 So.2d 226, 227. For, as pointed out in the Nomey case, “ * * * a complaint that a conviction is based upon no evidence at all * * * presents the question of law of whether it be lawful to convict an accused without any proof whatsoever as to his guilt.”
 
 But "Where there is some evidence to sustain the conviction, no matter how little, this court cannot pass upon the sufficiency thereof. That comes within the exclusive province of the trial judge and jury.”
 
 State v. Gani, 157 La. 231, 102 So. 318. See, also, State v. Maloney, 115 La. 498, 39 So. 539; State v. Tyler, 150 La. 131, 90 So. 538; State v. Venezia, 151 La. 349, 91 So. 761; State v. Rogers, 152 La. 905, 94 So. 439; State v. Bradford, 167 La. 827, 120 So. 382; State v. Dennis, 168 La. 618, 122 So. 869; State v. Campbell, 173 La. 831, 138 So. 853; State v. Fountain, 175 La. 221, 143 So. 55; State v. Bonner, 193 La. 387, 190 So. 621; and State v. Allen, 200 La. 687, 8 So.2d 643. (Italics ours.)
 

 In our opinion there was not only
 
 some
 
 evidence from which the jury could conclude the breaking and entering had been at night, but, also, as the judge of the lower court pointed out, the evidence was
 
 sufficient
 
 to warrant such finding. While it is true the prosecuting witness, answering a question as to what
 
 time
 
 she saw McDonell break and enter the Rivet apartment, said it was “between six and seven,” we are of the opinion, as was our learned brother below, that in making this statement she was confused as to the time for when further interrogated on this point she specifically fixed the time of the occurrence as that time of the day after sunset, for she declared it was just getting dark. This is in keeping with her prior statement that the accused had visited at her apartment earlier in the day and that “he came back at
 
 night
 
 when Mr. and Mrs. Rivet went to the show,” at which time the offense with which the accused was charged was commited. (Italics ours.)
 

 We think the jury took this same view of the matter, for, as pointed out by the accused in his motion for a1 new trial, the trial judge, obviously because of this evidence, charged the jury on the law with respect to breaking and entering in the nighttime and the daytime. While his charge is not in the record, we have no doubt the trial judge also instructed the jury, in charging them, that if they found from the evidence the breaking and entering had been after sundown, it was their duty to bring in a verdict of guilty as charged, but that if they, found from the evidence the breaking and entering had been before sundown, they ' should bring in a verdict .of guilty of the lesser crime, that is, breaking and entering in the daytime.
 

 For the reasons assigned, the conviction and sentence of the accused is affirmed.
 

 O’NIELL, C. J., dissents and assigns reasons.
 

 
 *607
 
 HIGGINS, J., dissents and assigns reasons.
 

 ROGERS, J., dissents.