HAWTHORNE, Justice.
Defendant, Preston J. Gaspard, charged in a bill of information with the theft of rice valued at $4,234.91, after trial before a jury was adjudged guilty of attempted theft and sentenced by the court to serve a term of 40 months in the parish jail. From this conviction and sentence he has appealed.
Article 67 of the Criminal Code, LSA-R.S. 14:67, under which the defendant was charged, defines “theft” as “* * * the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices or representations. * *
Appellant relies upon several bills of exception for reversal of the conviction and sentence. His first contention is that the trial judge erred in overruling a motion •which he terms a motion to quash. In this motion he alleges that he has not committed the crime of theft but that the incident upon which the charge was based was in reality a sale of rice on credit, and that the charge was false and malicious and was filed in an effort to extort money from him. He then prays that a hearing be granted to him, and that after such hearing the bill of information filed against him be quashed. In the alternative he alleges that the district court of Jefferson Davis Parish was without jurisdiction.
 The trial judge properly treated this motion, insofar as the first allegation was concerned, as an application for a preliminary trial, which he denied. The bill of information was filed on November 9, 1951, and on that date the accused was arraigned and entered a plea of not guilty to the charge. The motion under consideration was filed thereafter on November 14, and, according to the trial judge’s per curiam, defendant had at that time been released on bail. Defendant was tried on March 4, 1952, and a hearing on his motion was had approximately two weeks prior to this time, on February 19, 1952. Since the information in the instant case had beer, filed, the granting of a preliminary examination was wholly within the discretion of the trial judge and not subject to review, under Article 154 of the Code of Criminal Procedure, LSA-R.S. 15:154, which reads as follows:
“Either the state or the defendant shall have the right to demand a pre *227 liminary examination; provided that after an indictment found or an information filed, it shall be wholly within the discretion of the district court, and not subject to review by any other court, to order or to refuse to order a preliminary examination * *
The trial judge in his per curiam says of his denial of this motion:
“After considering the facts, the arguments of counsel, the pleadings and the stipulation which appears in the record, I was convinced that there was at least a reasonably sound basis in law and fact for the charge, that the charge was not maliciously filed, that the filing of such charge did not arise out of a ‘vicious conspiracy to deprive respondent of his civil rights,’ or to ‘extort money from him,’ that the ends of justice did not require the granting of a preliminary examination, that no useful purpose could be served by such a hearing, and that the granting of such an examination would incur unnecessary expense to the parish and inconvenience to the witnesses. For those reasons the motion or request for such a hearing was denied.”
The second part of the so-called motion to quash, defendant’s alternative plea to the jurisdiction, was submitted to the trial court on a stipulation of counsel for both the State and the defense. This stipulation insofar as it may be pertinent sets forth that the charge of theft in the instant case arose out of a sale transaction which occurred in Jefferson Davis Parish, Louisiana ; that the State intended to prove under the charge that the accused secured the object of this sale by false representations made in Jefferson Davis Parish; that the object of the sale, rice, was loaded in Jefferson Davis Parish on a truck belonging to an independent firm hired by the accused; that the rice was delivered to, and received by, the accused at his place of business in Vermilion Parish, Louisiana; that the defendant would testify that he purchased this rice by the use of samples, and that he had the right to reject it upon its being delivered to him in Vermilion Parish if it did not comply or conform with the samples. The trial judge in his per curiam states:
“After considering the facts presented in the stipulation I concluded that according to those facts, all elements of the offense charged, including the delivery or obtaining of the property alleged to have been misappropriated or taken, occurred or were committed in the Parish of Jefferson Davis, and that this Court, therefore, is vested with jurisdiction. * * *”
The trial judge further informs us that during the trial of the case on its merits the evidence disclosed to his satisfaction that the delivery or obtaining of the rice was entirely completed in Jefferson Davis Parish, and that no act constituting the acceptance or obtaining of the rice or any other act necessary to constitute the offense *229 was committed in any parish other than Jefferson Davis. Under these circumstances the trial judge properly overruled the alternative plea to the jurisdiction. Cases cited by the appellant are not pertinent, applicable, or controlling here.
Defendant’s next contention is that he was not properly arraigned because he was arraigned before a judge who had been improperly assigned by this court, and that this court’s assignment was contrary to the Constitution and laws of this state. In oral argument, however, counsel stated that he had abandoned this bill. We have nevertheless carefully read his brief in connection with this bill and find no merit therein.
During the course of the trial defendant’s counsel moved for a mistrial, which was denied. This application is based on the testimony of one'who, according to defense counsel, was the only witness capable of testifying to the transaction out of which the criminal prosecution arose, and counsel has attached to a bill reserved to the ruling of the judge only that part of this witness’ testimony given on cross-examination. His entire testimony is not 'before us, nor was the testimony of all the witnesses who testified. at the trial taken down, placed in the record, and made a part of the bill. It is counsel’s contention that this witnéss testified that the rice was delivered to the accused on his promise to pay for it, and that therefore no crime as denounced by the laws of this state was committed because a promise to pay is not a misrepresentation ■ as defined in the criminal statute denouncing the crime of theft.
 The trial judge in his per curiam informs us that this witness was one of the first called by the State,' and that he had previously testified on direct examination to facts which in' the opinion of the court constituted fraudulent conduct, practices, or representation on the part of the defendant, within the meaning of LSA-R.S. 14:67. What counsel is evidently contending is that there was no evidence at all upon some essential element of the crime charged, and that there is presented therefore a question of law reviewable by this court. All of the testimony is not before us, and in view of the trial judge’s pfer curiam that there was some evidence of fraud or misrepresentation this bill presents nothing for our consideration. Under Article 7, Section 10, of our Constitution, the appellate jurisdiction of this court extends "to criminal cases on questions of law alone, and it is only where there is.no evidence at all upon some essential element of the crime charged that the Supreme Court may set aside a verdict, but where there is some evidence to sustain the conviction, no matter how little, the Supreme Court cannot pass upon the sufficiency thereof, as that comes within the exclusive province of the trial judge arid jury. State v. Fountain, 175 La. 221, 143 So. 55; State v. Bonner, 193 La. 387, 190 So. 621; State v. Allen, 200 La. 687, 8 So.2d 643; State v. McDonell, 208 La. 602, 23 So.2d 230.
*231 During the trial defendant’s counsel •objected to the following question asked a State’s witness on direct examination: “Mr. Lyons, state to the jury what the custom is in selling rice.” The objection was overruled, and the witness was permitted to answer.
Counsel contends that any evidence relative to custom was irrelevant and immaterial. The trial judge informs us that prior to the testimony of this witness both counsel for the State and counsel for the defense had elicited from witnesses certain facts dealing with the manner of conducting the sales of rice. The witness had had many years of experience in operating a rice warehouse and was familiar with the procedure customarily followed in the sale of rice. Under these circumstances, in our opinion the question was relevant. Moreover, we agree with the trial judge that the accused was not prejudiced by the question and the witness’ answer thereto, and counsel does -not show to our satisfaction how the defendant was aggrieved or prejudiced.
Appellant finally contends that the trial judge erred in his refusal to give to the jury a special charge requested by his counsel, as follows:
“You are further instructed, that where a person surrenders to another any of his property, on the promise made by the other that he will do something in the future in consideration for the receipt of that property, under the laws of the State of Louisiana, that is not a crime. In other words, if you should find that the evidence in this case that the owners of the rice in question, or their representatives, released rice to the accused, Preston J. Gaspard, on the promise that [the] latter would pay for said rice in the future, that is not a crime, under the laws of Louisiana, and therefore, you must return a verdict of not guilty.”
Appellant contends that the refusal to deliver this special charge was reversible error since his defense was that the rice was delivered to him on his promise to pay for it in the future, and that to violate the statute under which he was charged it was necessary for the fraudulent representation to relate to existing or past conditions or events, and not to future promises.
The general charge of the judge is not in the record. In his per curiam he informs us that no request was made for him to deliver his charge to the jury in writing, but that he used extensive notes and read practically the entire charge from these notes. He states that he charged the jury fully as to all the elements necessary to constitute the crime of theft, and that he included in these instructions the following:
“If the state relies for conviction solely on the contention that the property was taken or mis-appropriated by means of fraudulent representations, I charge you that the false or fraudulent *233 representations so made must relate to a fact, condition or event which either existed at the time the representation was made or had existed at some time prior thereto. A promise to do something or to commit some act in the future cannot alone, and in the absence of a fraudulent representation of some other existing or past fact, constitute a false or fraudulent representation sufficient to warrant a conviction.”
In our opinion the charge given by the trial judge was a correct statement of this phase of the law and was sufficient to protect fully the rights of the defendant.
For the reasons assigned, the conviction and sentence are affirmed.