135 So.2d 271

**STATE of Louisiana**

v.

**J. W. COPLING, Jr., and Herbert Tannehill.**

No. 45614.

Dec. 11, 1961.

Robert T. Rester, Johnie E. Branch, Jr., Bogalusa, for defendant-appellants.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Woodrow W. Erwin, Dist. Atty., Franklinton, for appellee.

SUMMERS, Justice.

This is an appeal from the conviction and sentence of the defendants, Herbert "Mott" Tannehill and J. W. Copling, Jr., on February 9, 1961, for enticing minors into prostitution as defined and prohibited by Article 86 of the Louisiana Criminal Code, LSA–R.S. 14:86. The defendants were sentenced to serve three years at hard labor in the penitentiary. The Article provides:

"Enticing minors into prostitution is committed when anyone over the age of seventeen entices, places, persuades, encourages, or causes the entrance of any female under the age of twenty-one into the practice of prostitution, either by force, threats, promises, or by any other device or scheme. Lack of knowledge of the female's age shall not be a defense. Whoever commits the crime of enticing minors into prostitution shall be imprisoned at hard labor for not more than ten years."

The defendants rely for success in this appeal upon two of the five bills of exceptions reserved to rulings of the Trial Court.

Bill of Exceptions No. 1 was reserved to the ruling denying motions for bills of particulars on behalf of each of the defendants. These motions requested (1) the exact date and/or dates the defendants allegedly did entice, persuade and encourage the female minors into the practice of prostitution, and (2) the nature of the promises or devices or schemes, either as a separate means or in combination, they allegedly used in effecting the alleged enticements.

At the hearing held upon the motions the following bill of particulars was furnished by stipulation:

"Agreement on Motion for Bill of Particulars in Open Court on February 6, 1961, Judge Richardson, Presiding.

"The District Attorney is willing to state this for the record: 'On the charge of Enticing Minors against J. W. Copling and Herbert Tannehill, 14:86, that the crime happened between the dates as set forth in the Bill of Information. That on or about December 11, 1960, the girls were picked up in Covington at Circle Tavern, St. Tammany Parish, Louisiana, brought to Washington Parish, Louisiana, and while on the way and after reaching Washington Parish, Louisiana, the two, Herbert Tannehill and J. S. Copling, did discuss with Kay Moore and Shirley Speed the question of them working out of the Pink Elephant, a place of business in Bogalusa, Louisiana, said work pertaining to them being prostitutes and receiving money and men from said place, and that in furtherance of this scheme the said Copling and Tannehill did register with the said girls in the City of Bogalusa at a hotel and did pay their living expenses, meals and lodging while they were in Bogalusa * * *' "

Here the stipulation continues, but the remaining portion thereof concerns another charge not before this Court.

Following the hearing, the motions for bills of particulars were denied and defendants reserved Bill of Exceptions No. 1 to the ruling of the Court in not requiring the District Attorney to furnish the "particular part" of the motions requesting " * * * among other things the specific dates upon which any promises, threats, schemes, (sic) devices were made by the defendants to entice the minor females into prostitution * * *." We view this to mean that the second request contained in the motions for bills of particulars relating to the nature of the promises or devices, etc., was at that time considered by defendants to have been satisfied, and we find that request was in fact satisfied by the foregoing stipulation of the District Attorney. The trial judge also considered this to be the effect of the bill of exceptions for in the per curiam attached thereto he stated: "Defense Bill is directed to failure of District Attorney to be more specific, name, dates and places of enticement, persuasion and encouragement, promises, devices, schemes, etc."

Although in their briefs counsel for the defendants are urging error because of the failure of the Court to order the district attorney to furnish all the information requested in the motions for bills of particulars, we are only concerned here with the denial of that portion of the motions which requested the exact date and/or dates the defendants allegedly did entice, persuade and encourage the female minors into the practice of prostitution for that is the only question presented by the bill of exceptions.

■ Article 234 of the Code of Criminal Procedure, LSA–R.S. 15:234 states that it is immaterial that an indictment omits the time of an offense where time is not of the essence of the offense, nor for stating the time imperfectly, nor for stating the offense to have been committed on a day subseqent to the finding of the indictment, or of an impossible day, or on a day that never happened. From this we observe that setting forth in the bill of information that the offense occurred "between December 11, 1960, and January 4, 1961" would perhaps have been adequate compliance with the law. However, the district attorney, in furnishing the information in the stipulation, went further and furnished a more specific date when he stated that the offense occurred "on or about December 11, 1960". The defendant, therefore, cannot complain of error on the part of the Trial Court in refusing to order the furnishing of information which had already been furnished in response to his motions for a more specific date.

■ Where time is not of the essence of the crime, and the defense is not an alibi, the time stated in the indictment is immaterial. State v. Martinez, 220 La. 899, 57 So.2d 888, cert. denied 344 U.S. 843, 73 S.Ct. 58, 97 L.Ed. 656; State v. Guillot, 200 La. 935, 9 So.2d 235; State v. Gremillion, 137 La. 291, 68 So. 615; and, also, State v. Johnson, 228 La. 317, 82 So.2d 24; State v. Roshto, 169 La. 251, 125 So. 67; State v. Anderson, 125 La. 779, 51 So. 846.

■ Moreover, the bills of information, together with the bill of particulars, provide a record which surely negatived the prescription of the offense [1] and thus precluded the possibility of the defendant being prosecuted for an offense which had actually prescribed. Thereby one of the sound reasons for requesting information concerning the date of the alleged commission of the offense was eliminated. The record, thus established, adequately informed the defendant of the nature and cause of the crime charged, provided sufficiently definite information to permit the trial judge to regulate the scope of the evidence to be introduced at the trial, and was sufficient to support a plea that a subsequent proceeding is barred by this adjudication. 32 Tul.L.Rev. 47, 64.

■■ In his ruling on the motions for bills of particulars the trial judge is vested with discretion in requiring the district attorney to file such data in the case as, in his opinion, may be sufficient. We find no abuse of that discretion here in refusing to require additional information, nor do we find that any prejudice resulted therefrom to the substantial rights of the accused. Articles 288 and 557 of the Code of Criminal Procedure, LSA–R.S. 15:288 and 557;

1. LSA–R.S. 15:8 and 15:9, also, LSA–R.S. 15:7.1 et seq.

State v. Williams, 230 La. 1059, 89 So.2d 898; State v. Butler, 229 La. 788, 86 So.2d 906; State v. Mills, 229 La. 758, 86 So.2d 895, cert. denied Vernaci v. State of Florida, 352 U.S. 834, 77 S.Ct. 51, 1 L.Ed.2d 53.

The remaining bill of exceptions relied upon is leveled at the refusal of the Trial Court to grant a motion for a new trial.

The motion for a new trial alleges that the verdict is contrary to the law and the evidence in that defendants were convicted without any proof or evidence at all of any fact or facts which form an essential element of the crime charged.

▬▬ The complaint that a conviction is based upon no evidence at all presents a question of law, i. e., whether it be lawful to convict an accused without any proof whatsoever as to his guilt. It is only when there is no evidence at all of some essential element of the crime charged that the Court may set aside a verdict. *Where there is some evidence to sustain the conviction, no matter how little, this Court cannot pass upon the sufficiency thereof. That comes within the exclusive province of the trial judge and jury.* State v. Garner, 241 La. 275, 128 So.2d 655; State v. McDonell, 208 La. 602, 23 So.2d 230; State v. Nomey, 204 La. 667, 16 So.2d 226; State v. Holder, 159 La. 82, 105 So. 232; State v. Gani, 157 La. 231, 102 So. 318.

The transcript of evidence is before us and an examination of the testimony reveals the following facts to have been established:

Defendants, Tannehill and Copling, Jr., aged 26 and 30 years, respectively, met with the two minor girls, aged 19 and 17 years, on December 11, 1960, at a barroom in Covington, Louisiana, a place they had known the girls to frequent in the past. All of the parties had known one another for several months and had met on previous occasions at that establishment. On that night at about 10:00 o'clock the parties left together in a truck belonging to Copling's brother with the understanding that they were destined for Bogalusa.

Upon arrival there the men falsely registered at the Redwood Hotel as being accompanied by their wives, when they were in fact accompanied by the two girls. The parties jointly occupied one room for the night and during the course of the early morning hours Copling, Jr., and Tannehill discussed with the minors the idea that they could enter into prostitution in Bogalusa. It was understood that the two girls would work out of a barroom known as the Pink Elephant located in Bogalusa. This barroom was in effect managed by Tannehill. He and Copling served as bartenders.

According to their own admission, for the next several days the girls did engage in acts of prostitution with various men whom they met at the Pink Elephant where they served as waitresses. In compensa-

tion for the sexual intercourse in which they engaged, these girls received from $10.00 to $25.00 for each act. They testified that half of the sums thus realized were turned over to the defendants.

After having been at the Redwood Hotel for approximately one week, the girls moved to another hotel in the City of Bogalusa and remained there a few days, the exact time not being known. The testimony further shows that either Copling, Jr., or Tannehill paid for the meals and lodging of the two girls during their entire stay in Bogalusa.

On January 5, 1961, all of these parties were arrested by the City Police of Bogalusa.

From the foregoing and the record before us we conclude there was some evidence of the elements of the crime to support a conviction. Bill of Exceptions No. 5 is therefore without merit.

Counsel for defendants urge in their brief that the Trial Court was in error in its reasons for overruling the motion for a new trial. Nowhere in the record are those reasons disclosed, nor are they a part of the bill of exceptions which counsel have reserved to that ruling. The question thus urged cannot, therefore, be considered and counsel's recollection of what they consider the Court's reasons to be, and which they have partially incorporated in

their brief, presents nothing for our review.

The conviction and sentence are affirmed.

135 So.2d 275