164 So.2d 340

**CITY OF MONROE**

**v.**

**Charles A. BARFIELD.**

No. 46947.

May 4, 1964.

Rehearing Denied June 8, 1964.

Joseph S. Guerriero, Monroe, for defendant-appellant.

Charles L. Hamaker, Monroe, for plaintiff-appellee.

HAMITER, Justice.

In the City Court of the City of Monroe the defendant, Charles A. Barfield, was convicted under an affidavit (authorized by LRS 15:2) charging that he had violated Section 24–6 of the Monroe Code (general ordinances of the named municipality) by operating a vehicle while intoxicated.

Subsequently, the judge sentenced him to pay " * * * a fine of $500.00 and $10.00 costs, or in default of payment of fine to serve four months in City of Monroe jail; and to serve the compulsory jail sentence of seven months in said jail in addition thereto." (Under cross examination the defendant admitted that five times previously he had been convicted of driving while intoxicated. Possibly this was largely responsible for the rather severe penalty imposed.)

On this appeal, of which we have jurisdiction pursuant to the provisions of Article VII, Section 10, paragraph 7, of the Louisiana Constitution, the defendant (to obtain a reversal) relies on three bills of exceptions.

Bill number 1 was reserved to the overruling of a motion to quash, the defendant having contended therein that the affidavit under which he was prosecuted (when considered in connection with a bill of particulars furnished by the City) did not set out any crime.

Section 24–6 of the Monroe Code states: "No person shall operate a vehicle while under the influence of any alcoholic liquor or beverage, or any other matter or substance of any other kind or description containing alcohol, irrespective of the alcoholic content thereof. When the physical or mental faculties of any vehicle operator have been affected sufficiently to make the driving or operation of a vehicle in any

degree less safe, such operator shall be 'under the influence' within the meaning of this section. * * *" And the affidavit charging this defendant, insofar as pertinent, reads: "* * * Charlie A. Barfield wm, in the City of Monroe, Parish aforesaid, on or about the 23rd day of June, A.D., 1963, DID OPERATE A VEHICLE WHILE UNDER INFLUENCE OF A SUBSTANCE CONTAINING ALCOHOL WHEN THE SAME HAD AFFECTED A PHYSICAL OR MENTAL FACULTY OF SAID PERSON SUFFICIENTLY TO MAKE THE DRIVING OR OPERATION OF SAID VEHICLE LESS SAFE. CONTRARY to Section No. 24–6 of the City of Monroe Code (Ordinance 3263 as amended), in such cases made and provided and against the peace and dignity of the same." Thus, it appears that the affidavit was framed in language substantially equivalent to that contained in the ordinance.

However, before arraignment the defendant filed a motion for a bill of particulars in which he requested answers to the following questions:

"1. What day and at what time was defendant arrested for driving while intoxicated?

2. What was defendant doing at the time he was arrested for driving while intoxicated?

3. Was the defendant asleep in his automobile and was the motor running in said automobile?

4. Where was said automobile found in the City of Monroe, State of Louisiana, meaning by this, where was said automobile parked at the time that the officer came upon same?

5. How does the City of Monroe contend that the defendant committed the crime of driving while intoxicated?"

Answering the motion, as ordered by the court, the City of Monroe stated:

"1. Defendant was arrested for driving while intoxicated between the hours of 12:00 and 1:00 A.M. on June 23, 1963.

2. Defendant was sitting at the wheel of his automobile when arrested.

3. Defendant was not asleep and the motor of said automobile was not running.

4. Defendant's automobile was found in the 1100 block of South Grand Street in the City of Monroe and was parked at the time that the officer came upon said automobile with the right front and right rear tires off the street and the left front and left rear tires in the

right of way of South Grand Street."

Based on these questions and answers, defendant argues that inasmuch as the car was standing still and its motor was not running *at the time of the arrest* there was not (and could not have been) the operation of a vehicle as denounced by the ordinance and as charged in the affidavit. But this argument overlooks the important fact that the City, relying on the legal principle that the prosecution is not required to allege evidence on which it may depend for a conviction, refrained from answering the above quoted question number 5. And since no objection was urged to such failure to answer (or to the insufficiency of the bill of particulars furnished), the defendant has thereby waived his right to challenge the City's theory that the vehicle's operation or driving was performed by him immediately or shortly before the occurrence of the arrest.

Accordingly, we hold that bill number 1 is without merit, the attacked affidavit having substantially tracked the ordinance's provisions and the unassailed answer to the motion for a bill of particulars not having affected such affidavit in any manner.

Bill number 2 was taken to the overruling of a motion for a new trial. In that motion the defendant complained that (1) there was no evidence showing that he was driving while intoxicated, it appearing that his car was absolutely still at the time of the arrest, and (2) the trial judge should not have admitted testimony of police officers that he told them of his having driven his automobile to its standstill position shortly before the arrest.

As to the first complaint in the motion for a new trial, our well settled jurisprudence is that where there is some evidence to sustain the conviction, no matter how little, this court cannot pass upon the sufficiency thereof. That comes within the exclusive province of the trial judge or the jury. It is only where there is no evidence at all of some essential element of the crime charged that we have the right to annul the conviction. State v. Gani, 157 La. 231, 102 So. 318; State v. Holder, 159 La. 82, 105 So. 232; State v. Nomey, 204 La. 667, 16 So.2d 226; State v. McDonell, 208 La. 602, 23 So.2d 230; State v. Garner, 241 La. 275, 128 So.2d 655; State v. Copling, 242 La. 199, 135 So.2d 271; and State v. Bueche, 243 La. 160, 142 So.2d 381. Contained in the transcript before us is considerable testimony by police officers to the effect that when the defendant was arrested he was extremely intoxicated; and that at the place of arrest, as well as at the police station sometime later, he freely and voluntarily told them of his having driven the car while in such condition to its parked position.

■ Regarding the admissibility of the testimony by the police officers, we notice that in most instances no objections whatever were urged thereto. Further, it is observed that when defense counsel did object a few times he failed to reserve bills of exceptions to the overruling of his objections. These omissions, under our jurisprudence and statutory law, operated as a waiver of the objections and as an acquiescence in the adverse rulings. LRS 15:502, 510; State v. Franks, 199 La. 259, 5 So.2d 765; State v. Neal, 231 La. 1048, 93 So.2d 554; and State v. Tedeton, 243 La. 1031, 150 So.2d 4.

Bill number 2, therefore, cannot be maintained.

■ In a motion for arresting the judgment the defendant contended that (1) the affidavit should have been quashed, (2) a new trial should have been granted, and (3) the judge erred in permitting the police officers to testify as to the asserted admissions made to them by him. When the motion was overruled bill number 3 was reserved. We find that this bill lacks substance. The three contentions have been answered adversely above. Moreover, with respect to the third contention, a motion in arrest of judgment is inappropriate for urging an alleged defect that can be ascertained only by an examination of the evidence. LRS 15:518.

For the reasons assigned the conviction and sentence are affirmed.