SANDERS, Chief Justice.
The State charged Larry C. Nixon with negligent homicide, arising from an automobile collision. See LSA-R.S. 14:32. After a non-jury trial, the judge found the defendant guilty. Later, the judge suspended the imposition of the sentence and placed the defendant on probation for three years, with a special condition that he refrain from driving an automobile after drinking alcohol. Defendant appealed, complaining of the denial of his motion for a new trial and motion for a directed verdict.
On appeal to this Court, rulings on both motions must be affirmed unless there is a complete lack of evidence to establish an essential element of the offense. If there is some evidence to support all essential elements, the conviction must stand. See State v. Douglas, La., 278 So.2d 485 (1973); State v. LaBorde, 234 La. 28, 99 So.2d 11 (1958); State v. Holder, 159 La. 82, 105 So. 232 (1925).
LSA-R.S. 14:32 provides in pertinent part:
"Negligent homicide is the killing of a human being by criminal negligence.
“The violation of a statute or ordinance shall be considered only as presumptive evidence of such negligence.”
In the assignment of error, the defense asserts that there was no evidence establishing the death of the victim or establishing that defendant had any connection with the automobile involved in the collision.
The State’s evidence reflects that when the investigating officers arrived at the scene of the collision, they found two wrecked automobiles. The victim’s body was behind the wheel in one of the vehicles. The officers found the defendant beside a Dodge automobile owned by him. He was alone and injured. The investigating officer described defendant as the man that was driving the Dodge. Later, without objection, the officer testified that defendant had been traveling east.
We find there was some evidence, at the time the motion for directed verdict was filed, that defendant was driving the automobile. Prior to the motion for a new trial, defendant testified in his own behalf. He admitted that he was driving the automobile involved in the collision.
Concerning the second element, the death of the victim, one of the investigating officers testified that he found the victim dead upon his arrival at the scene. He verified her condition by checking her pulse. She was pinned in the badly damaged car. To remove her body, a wrecker *790 was necessary to pull off the car doors and to pull out the seats. The victim’s body was taken to the Baton Rouge General Morgue.
Defendant argues that the proof is deficient because the death certificate was not introduced in evidence and no expert medical testimony was offered. These are the ideal methods of proving death. For appellate review in criminal cases, however, this Court is vested with jurisdiction only as to questions of law. LSA-Const. (1974) Art. 5, Sect. 5. We do not weigh the evidence of guilt. Here, we conclude there is evidence of the victim’s death.
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs with reasons.