337 So.2d 484 (1976)
STATE of Louisiana
v.
Milton Ray BROWN.
No. 57708.
Supreme Court of Louisiana.
September 13, 1976.
*485 Haley M. Carter, Franklinton, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., W. W. Erwin, Dist. Atty., John N. Gallaspy, Second Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Milton Ray Brown was charged by bill of information with the distribution of marijuana, in violation of La.R.S. 40:966A(1). After trial by jury, he was found guilty as charged and was thereafter sentenced to serve three years at hard labor. On appeal, defendant relies on three assignments of error for reversal of his conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
Defendant urges that the trial court erred in permitting in evidence a bag of marijuana which defendant allegedly sold to an undercover agent. The basis of this complaint is that the person who received the evidence at the state crime lab was not produced in court. Therefore, it is claimed that the state failed to establish an adequate chain of custody.
There is no merit to this contention. In State v. Dotson, 260 La. 471, 256 So.2d 594 (1971), we stated:
To admit demonstrative evidence at a trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to the case. It can also be identified by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it is offered in evidence.
The law does not require that the evidence as to custody eliminate all possibility that the object has been altered. For admission, it suffices if the custodial evidence establishes that it is more probable than not that the object is the one connected with the case. A preponderance of the evidence is sufficient, [citations omitted]
The lack of positive identification goes to the weight of the evidence, rather than to its admissibility. Ultimately, connexity of physical evidence is a factual matter for determination by the jury. [citations omitted]
In the instant case, Officer Russell Milan, an undercover agent, testified that immediately after purchasing the bag of marijuana from defendant, he placed it into an envelope which he marked and locked in a rear compartment of his car where it remained until he delivered it three days later to Paul Cobb at the crime lab in Baton Rouge. James C. Harrison, an analyst at the crime lab, testified that he tested the marijuana in question which he obtained from the evidence room where it was placed in a sealed envelope for safekeeping upon its arrival and kept until taken by him to court. He identified the markings of Paul Cobb on the envelope, which indicated that Cobb had received the evidence at the crime lab. Russell Milan also made a visual identification *486 of the bag of marijuana as that which he had purchased from defendant. He further identified his handwriting and signature on the envelope in which he had placed the evidence.
Identification of the bag of marijuana was amply established by this testimony. Clearly, it was more probable than not that the evidence was related to the case. The failure of Paul Cobb to testify went to the weight of the evidence and not to its admissibility. The trial judge properly permitted its admission in evidence.

Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant contends that the trial judge erred in permitting the state to question defendant as to a prior conviction. He also urges that it was error for the trial judge to allow the district attorney to refer to his prior conviction in his closing argument to the jury.
There is no substance to this contention. Defendant took the stand in his own behalf. On cross-examination, the state questioned him as to whether he had any prior convictions. The trial judge correctly overruled defendant's objection to this inquiry. Evidence of conviction of a prior crime is admissible for the purpose of impeaching the credibility of a witness. La.R.S. 15:495. Reference by the district attorney to the prior conviction in his closing argument to the jury was not objected to by the defendant at the time. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence. La.Code Crim.P. art. 841. In any event, it was not error for the district attorney to refer to defendant's prior conviction in his closing argument where evidence of such prior conviction had previously been received in evidence under La.R.S. 15:495. The scope of closing argument includes evidence admitted. La.Code Crim.P. art. 774.

Assignment of Error No. 2 is without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant contends that the trial judge erred in denying his motion for a new trial on the grounds that there was "no evidence on which to convict the defendant, and that the verdict was contrary to the law and evidence."
Article 858 of the Code of Criminal Procedure provides:
Neither the appellate nor supervisory jurisdiction of the supreme court may be invoked to review the granting or the refusal to grant a new trial, except for error of law.
Where a motion for a new trial is grounded on the assertion that there is no evidence at all on which the verdict of conviction can be supported, a question of law is presented for our review. However, it is well established that where there is some evidence to sustain the conviction, no matter how little, this court cannot pass on the sufficiency thereof. That comes within the exclusive province of the trial judge or jury. It is only where there is no evidence at all of some essential element of the crime charged that we have the right to annul the conviction. State v. Mims, 330 So.2d 905 (La.1976); City of Monroe v. Barfield, 246 La. 315, 164 So.2d 340 (1964); State v. Vines, 245 La. 977, 162 So.2d 332 (1964); State v. Bueche, 243 La. 160, 142 So.2d 381 (1962); State v. Copling, 242 La. 199, 135 So.2d 271 (1961); State v. Dunnington, 157 La. 369, 102 So. 478 (1924). In the instant case, Officer Russell Milan testified that he purchased a bag of marijuana for $10 from defendant. The evidence was identified as that related to the case. Clearly, this constitutes some evidence of the crime charged.
The refusal of the trial judge to grant a new trial grounded on the allegation that the verdict is contrary to the law and evidence presents nothing for our review. La.Code Crim.P. art. 858 (1966); State v. Jack, 332 So.2d 464 (La.1976); State v. Celestine, 320 So.2d 161 (La.1975); State v. Hollingsworth, 292 So.2d 516 (La. 1974); State v. Gilbert, 286 So.2d 345 (La. *487 1973); State v. Plummer, 281 So.2d 716 (La.1973).
In sum, Assignment of Error No. 3 is without merit.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.