SANDERS, Chief Justice
(dissenting).
To warrant a reversal of the conviction for criminal mischief, the law requires that there be no evidence to support the conviction. State v. Reeves, La., 342 So.2d 605 (1977); State v. Holder, 159 La. 82, 105 So. 232 (1925).
It is true that the defendant did not take the forged notes to the law enforcement officers. She did, however, forge them and place them in the apartment. When confronted by the law enforcement officers, she supported their authenticity. She falsely asserted to them: (1) that she had seen deputies around the apartment on several occasions; (2) that they made an illegal entry into the apartment through the window; (3) that she recognized one of them; and (4) that she found the notes after this entry. [Tr. p. 5.]
In my opinion, this constitutes evidence of the “giving of a false report to a sheriff, or his deputies . . . relative to the commission of ... a crime.” See LSA-R.S. 14:59(5). The subsequent recantation does not obliterate the offense.
For the reasons assigned, I respectfully dissent.