I, ARMSTRONG, Judge.
We grant certiorari to consider the correctness of a trial court ruling denying the State’s motion in limine. The issue is whether testimony from a prior hearing which was begun as a suppression hearing can be used *1174 under La.C.E. art. 801 D(l)(a) as substantive evidence of a defendant’s guilt. We affirm.

STATEMENT OF THE CASE

On May 15,1997, the defendant was indicted for first degree murder, a charge to which he pled not guilty. Motion hearings were held on October 28, 1997 and again on November 3, 1997. During the second hearing, a witness testified. At some point after this hearing, the State learned this witness in-tendedjto testify differently at trial, and the State noted its intent to introduce the prior inconsistent statements of the witness as substantive evidence of the defendant’s guilt. A hearing on the issue of whether these statements would be admissible for this purpose was held on April 29,1998, and on April 30, 1998, the trial court ruled the statements were inadmissible as substantive evidence. The State seeks this court’s supervisory jurisdiction to review that ruling.[1]

FACTS

According to the motion transcripts, the defendant is charged with the murder in 1988 of a man who sold him and a companion counterfeit cocaine. The companion, a transvestite, named Todd Duplantis a/k/a Todd Delaune a/k/a Tasha, with whom the defendant had a relationship testified, at the November 3rd hearing, that the victim got into the defendant’s car. The three, then, drove around the French Quarter for a time, until they parked near a warehouse. Duplantis testified the defendant and the victim exited the car and walked around the side of -a building. He then heard three shots, and the defendant reappeared alone. The defendant reentered the car, placed something under the seat, and then drove from the area.
The defendant then fled the city. The owner of a convenience store, where Duplan-tis encountered the victim prior to enticing him into the defendant’s car, was able to identify Duplantis from having seen him in the neighborhood. Duplantis eventually identified the defendant. The defendant remained at large until 1997.

DISCUSSION

Duplantis identified the defendant at the November 3,1997 hearing as the person who left the car with the victim and then returned alone after three shots were fired, putting something under the seat of the car. The State contends it received information that Duplantis planned to change his testimony at trial, and it filed a motion in limine to use Duplantis’ prior inconsistent testimony not for impeachment purposes, but rather as substantive evidence of the defendant’s guilt. The State based its motion upon La. C.E. art. 801D(l)(a), which provides:
D. Statements which are not hearsay. A statement is not hearsay if:
(1) Prior statement by witness. The declarant testifies at'the trial or hearing and is subject to cross-examination concerning the statement, and the statement is:
(a) Inconsistent with his testimony, and was given under oath subject to the penalty of perjury at the accused’s preliminary examination or the accused’s prior trial and the witness was subject to cross-examination by the accused[.]
The court denied the State’s motion, noting that by its very terms art. 801D(l)(a) is limited to testimony taken at the defendant’s prior trial or a preliminary hearing, and the testimony which the State planned to offer was taken during the November 3, 1997 hearing which was set as a hearing on the motion to suppress the identification. The court acknowledged that under the Federal Rules of Evidence, this testimony would be admissible for the purpose intended by the State, but it pointed out that art. 801D(1)( a) is more limited in that it provides only for the use of testimony taken at the preliminary hearing or trial. The court rejected the State’s argument, that the hearing while billed as a suppression hearing was in reality a preliminary hearing, noting that because the defendant was indicted fahe was not entitled to a preliminary hearing. The court noted, however, that the State could introduce the prior inconsistent statement for impeachment purposes under La. C.E. art. 607.
*1175 In State v. Cousin, 96-2973 (La.4/14/98), 710 So.2d 1065, the Court addressed the use of an inconsistent statement made out-of-court for both impeachment and substantive purposes. A witness had told police officers that the defendant had confessed to him that he had killed a man in the French Quarter during an unsuccessful armed robbery. When the witness was called at trial, he denied that the defendant had made the statement. The State then called the witness’ attorney and a police officer, who both testified as to the alleged content of the statement the witness gave to the police. In addition, the State used this testimony in closing argument as proof that the defendant confessed to the witness, thus using this testimony as substantive evidence of the defendant’s guilt. On appeal, the Court reversed the defendant’s conviction and sentence. The Court recognized the use of prior inconsistent statements for impeachment purposes under La. C.E. art. 607, but it noted that the court should employ a balancing test when determining whether the probative value on the issue of the witness’ credibility of the evidence sought to be used to impeach a witness outweighs the risk of unfair prejudice to the defendant. The Court also acknowledged the use of prior inconsistent statements under art. 801D(l)(a), noting this provision has “ very limited applicability.” 96-2973 p. 7, 710 So.2d at 1069. The Court then stated:
When Federal Rules of Evidence 607 and 801 were initially promulgated, the advisors proposed a broad rule of impeachment (i.e., attacking credibility) of a witness by the party calling the witness, as well as the use of any prior inconsistent statement of the witness as substantive evidence of that previous statement. That scheme did not require the party calling the witness to be surprised or unaware that the witness would give unfavorable testimony. The party, in effect, had the right to present a turncoat witness and also to present the witness’ inconsistent prior statement as substantive ^evidence, thereby allowing the jury to decide which statement, the trial testimony or the prior inconsistent statement, was the truth, See Glen Weissenberger, Federal Rules ofEvi-dence: Rules, Legislative History, Commentary and Authority, §§607.1, 607.2 (1996).
However, in the process of amending and eventually adopting Rule 801, Congress rejected the broad doctrine of substantive use of all prior inconsistent statements and restricted the substantive (or non-hearsay) use to those statements which were “inconsistent as to the declar-ant’s testimony and [were] given under oath_” The “given under oath” requirement significantly limited the substantive use of such statements to statements given, for example, in a deposition or to a grand jury.
When the Louisiana State Law Institute proposed the Louisiana Code of Evidence to the Legislature, the substantive impeachment rule was even further restricted. Only those inconsistent statements that were given in the “accused’s preliminary hearing or ... prior trial [where the] witness was subject to cross examination by the accused” are classified as non-hearsay and admissible as substantive evidence. La.Code Evid. art. 801D(l)(a). Otherwise, prior inconsistent statements are only admitted to impeach or to contradict the witness’s trial testimony, i.e. solely to discredit the witness; these statements cannot be used to divulge the content of the prior statement for the purpose of inviting the jury to believe the content of the statement. La.Code Evid. art. 607D(2).
Cousin, 96-2973 pp. 9-10, 710 So.2d at 1070.
Here, the State acknowledges that - art. 801D(l)(a) limits prior inconsistent statements introduced as substantive evidence of the defendant’s guilt to those given at a preliminary hearing or a prior trial. It argues, however, that the hearing at which Duplantis gave his statement, though billed as a suppression hearing, was in reality a preliminary hearing because much of the testimony went beyond the scope of a hearing on the motion to suppress the identification. It refers to State v. Gaspard, 222 La. 222, 62 So.2d 281 (1952), where the Court viewed a defendant’s “motion to quash” as in reality a motion for preliminary hearing.
*1176 kThe transcript of the November 3rd hearing reveals the State is correct in its assertion that the cross-examination of Duplantis exceeded the scope of a hearing to determine if an identification should be suppressed. The content of the cross-examination included questions about Duplantis’ prior convictions, the circumstances leading up to the murder including the use of drugs earlier in the day, the circumstances of the murder itself, his flight after the murder, his relationship with the defendant, and an incident wherein the victim had given him a puppy. The State raised two objections, both sustained, during the cross-examination, once on the basis that the question was argumentative, and the other time with no stated basis, but the court sustained that objection on the basis that the question exceeded the scope of the hearing.
As noted above, the trial court denied the motion in limine because it found the hearing at which this testimony was taken was not a preliminary hearing, and thus it did not fit within the guidelines of La.C.E. art. 801D(l)(a). We find, that while some of the testimony taken at the hearing went beyond the scope of a suppression hearing, most of it was at least tangentially related to the subject of the hearing. Specifically, the factors of Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), for determining if the identification was reliable. As such, we cannot say that the trial court erred by finding that the statement the State seeks to introduce did not fall within the guidelines of art. 801D(l)(a) in order to make it admissible at trial as substantive proof of the defendant’s guilt. In addition, the court ruled this evidence could be used for impeachment purposes under La. C.E. hart. 607.[2] Therefore, we find that the trial court did not err in denying the motion in limine.
For the foregoing reasons, we affirm the judgment of the trial court.

WRIT GRANTED-, AFFIRMED.

LANDRIEU, J., concurs.

. In response to this court's order, the State has supplemented its application with the transcripts of April 29, 1998 and April 30, 1998. The defendant has also filed a response.

. It appears Duplantis’ testimony may not be the only evidence connecting the defendant to the murder. The motion transcript of November 3, 1997 reflects that the defendant gave a statement which is at least in part inculpatory and which the court ruled was admissible.